W. Todd VER WEIRE *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 00-34                                   26 S.W.3d 132

Court of Appeals of Arkansas
Division II
Opinion delivered August 30, 2000

*Mashburn & Taylor*, by: *Michael H. Mashburn*, for appellant.

One brief only.

JOHN F. STROUD, JR., Judge. Appellant, W. Todd Ver Weire, appeals a finding by the trial court that he violated Rule 11 of the Arkansas Rules of Civil Procedure. The circumstances giving rise to this appeal began within the context of a dependency and neglect proceeding. The issues involved in this independent appeal, however, pertain only to 1) the trial court's finding that appellant, who was the mother's lawyer in the underlying dependency-neglect matter, violated Rule 11, and 2) the trial court's denial of an oral motion to recuse that was made during the hearing on appellant's motion to reconsider the court's finding of a Rule 11 violation. We reverse and dismiss.

For his first point of appeal, appellant contends that the trial court abused its discretion in its *sua sponte* application of Rule 11 sanctions. Although appellant couches this point of appeal in terms of the *sua sponte* application of Rule 11 by the trial court, the substance of his argument does not focus on the *sua sponte* nature of the court's action.[1] Rather, the substance of the first point of appeal is that the trial court abused its discretion in determining that appellant had violated Rule 11. We agree that there was an abuse of discretion.

Rule 11(a) provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any

---

[1] Under the language of the rule itself, the trial court may impose sanctions for Rule 11 violations upon its own initiative.

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . *If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.*

(Emphasis added.)

██ The primary purpose of Rule 11 sanctions is to deter future litigation abuse. *Hodges v. Cannon,* 68 Ark. App. 170, 5 S.W.3d 89 (1999). The imposition of sanctions pursuant to Rule 11 is a serious matter to be handled with circumspection, and the trial court's decision is due substantial deference. *Id.* This court reviews a trial court's determination of whether a violation of Rule 11 occurred under an abuse-of-discretion standard. *Id.* In exercising its discretion under Rule 11, the trial court is expected to avoid using the wisdom of hindsight and should test the lawyer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. *Id.* The essential issue is whether the attorney who signed the pleading or other document fulfilled his or her duty of reasonable inquiry into the relevant law, and the indicia of reasonable inquiry into the law include the plausibility of the legal theory espoused in the pleading and the complexity of the issues raised. *Id.* The moving party establishes a violation of Rule 11 when it is patently clear that the nonmoving party's claim had no chance of success. *Id.*

Here, appellant stated in paragraph 2 of his motion for recusal that in an April 7, 1999, review hearing the trial court, "without provocation and with no criminal charges being filed, . . . referred to [the child's mother] as a 'murderer' " with respect to the bathtub drowning of another child in the family. However, at the outset of the subsequent hearing on the motion to recuse, appellant modified his motion with the following explanation:

> This morning Ms. McLemore [counsel for Arkansas Department of Human Services] and I had a chance to discuss this in the hallway. She informed me that she listened to the tape this morning and the term that was quoted in the brief "murderer" was not used during the hearing. That portion of the motion will be withdrawn. That part of the motion was based on my trial notes as well as a conversation with Mr. Hornsey [the father's counsel] confirming the accuracy of my notes.

In its September 15, 1999, order denying the motion to recuse and finding that appellant violated Rule 11, the trial court stated:

> [Appellant] failed to properly investigate the allegations contained in paragraph two of his Motion; [appellant] could have easily reviewed the transcript of the April 7th hearing before making such a statement. The Court finds that such an inaccurate statement was made in violation of Rule 11 of the Arkansas Rules of Civil Procedure, . . . .

At the hearing on appellant's motion to reconsider this finding of a violation of Rule 11, appellant was represented by counsel and testified that his trial notes provided: "Judge - client = murder"; that he consulted with James Hornsey, who had been present at the hearing as counsel for the father; that Hornsey confirmed the essential correctness of the trial notes; that appellant then consulted with Professor Howard Brill regarding whether to ask for recusal; that upon learning that the term "murder" was not used by the court, he had retracted the word from his motion at the outset of the hearing for recusal; that the transcript of the hearing subsequently revealed that the judge used the term "killed" rather than "murder"; and that he believed his investigation had been reasonable even though he had not ordered the transcript prior to the hearing on the motion for recusal.

The transcript of the April 7, 1999, review hearing was admitted as an exhibit. It shows the following colloquy:

> THE COURT: Counsel, it's my understanding that Jeffrey came into custody in September of 1998. That his infant brother, Christopher, had been found dead and there was an investigation into the child's death. Ms. Rye, has there been any sort of finding as far as the cause of the child's death?
>
> MS. RYE: Your Honor, it's my understanding that it was ruled accidental and that no charges were brought.
>
> MR. HORNSEY: That's correct.
>
> THE COURT: Accidental? How did this child die?
>
> MS. RYE: He — what the investigators — police investigators determined was that he flipped over the edge of the bathtub and could not lift himself out, is my understanding, at the time.
>
> THE COURT: And he drowned in the bathtub?
>
> MS. RYE: Yes.

. . . .

THE COURT: So, [the mother and the father] were divorced at the time this child — was — was *killed* and died.

MR. VER WEIRE: At the time the child died, Your Honor, yes.

THE COURT: Well, he was *killed* because he drowned. I'm not saying whoever *killed* him, but he was — he died.

(Emphasis added.)

James Hornsey testified about his discussions with appellant concerning the court's reference "to either murder or kill" and that he did not get any sense that appellant was filing the motion to recuse to be vindictive or to forum shop. Moreover, he stated that had he not been relieved as counsel in the case, he probably would have joined appellant in a joint motion.

Howard Brill, a professor at the University of Arkansas School of Law who has written a book entitled *Arkansas Professional Judicial Ethics,* testified that use of the term "killed" rather than "murder" did not change his view that it was proper for appellant to file a motion to recuse; that ordering a transcript would have been helpful, but that he did not think it was essential; that "if the attorney was there, has a strong recollection, confirms it with perhaps other people who were there, that is the equivalent — not the same, but provides some safeguards to support what the attorney has done."

▮ Despite the broad discretion that is afforded to trial courts in determining whether a violation of Rule 11 has occurred, our review of the record in this case convinces us that the trial court abused its discretion in finding such a violation under the circumstances of this case.

For his second and third points of appeal, respectively, appellant contends that the trial court abused its discretion by failing to accord him the benefit of the safe-harbor provision of Rule 11, and that the trial court abused its discretion by failing to recuse at the hearing on reconsideration. It is not necessary for us to address either of these points of appeal inasmuch as we have concluded under the first point that the trial court abused its discretion in finding a Rule 11 violation.

Reversed and dismissed.

KOONCE and MEADS, JJ., agree.