LARRY D. VAUGHT, Judge, concurring. I concur with the majority in the result of this case, but I ■write separately to express why I believe the trial court’s imposition of Rule 11 sanctions should be reversed. I believe that it is irrelevant that the trial court acted on its own motion. Arkansas law provides that the moving party establishes a violation of Rule 11 when it is patently clear that the nonmoving party’s claim has no chance of success. Ver Weire v. Ark. Dep’t of Human Servs., 71 Ark.App. 11, 13, 26 S.W.3d 132, 133 (2000). Here, it is not patently clear that the City’s claim — that it did not engage in delay or harassment tactics — had no chance of success. Because Nerhan failed to meet this burden, I would hold that the trial court abused its discretion in imposing Rule 11 sanctions. In this case, Nerhan could not have established that it was patently clear that the City’s claim had no chance of success because the City was not given a chance to present a case prior to the trial court’s imposition of sanctions. The City was not provided notice and the | ^opportunity to defend against sanctions. No motion for sanctions was filed by Nerhan. The trial court sua sponte raised the issue of sanctions at the hearing on Nerhan’s petition to reopen the Hermitage House Inn, and the City was not given notice that sanctions might be discussed at that hearing.[1] Therefore, the City was never given the opportunity, through witness testimony or documentary evidence, to explain its actions or inactions. The result is that it is not known why the City did what it did. Therefore, it was an abuse of discretion for the trial court to conclude that it was patently clear that the City’s claim that it did not engage in delay tactics or harassment had no chance of success. Furthermore, whether the City violated Rule 11 was a fact issue for the trial court to resolve, and such a fact question requires the trial court to consider evidence. Bratton v. Gunn, 300 Ark. 140, 143, 777 S.W.2d 219, 221 (1989). In this case, because the parties did not have notice of the trial court’s intent to explore Rule 11 sanctions, there was no testimonial or documentary evidence presented by the City (or Nerhan) for the trial court to consider. In the absence of any evidence on the issue, particularly the City’s intent, the trial court was again in no position to conclude that it was patently clear that the City’s claim — that it did not engage in delay or harassment tactics — had no chance of success. For these reasons, I would hold that the trial court abused its discretion in imposing Rule 11 sanctions against the City. . In fact, at the conclusion of that hearing, the trial court specifically stated that it was not going to sanction the City. It was not until the following day that the trial court issued a letter opinion imposing the Rule 11 sanctions.