Wade BRATTON *v.* Leland GUNN, d/b/a Gunn Systems

89-37                                                    777 S.W.2d 219

Supreme Court of Arkansas
Opinion delivered October 9, 1989

*Jim O'Hara*, for appellant.

*McCracken & Sims*, by: *Barry A. Sims*, for appellee.

Robert D. Stroud, Special Chief Justice. Gunn Systems, Inc., sued appellant Wade Bratton, its insurance agent, alleging that Bratton collected insurance premiums but did not obtain insurance coverage. The complaint asserted that appellant had "fraudulently converted Plaintiff's funds for his own use and deliberately failed to provide Plaintiff with insurance coverage." Subsequently, appellant filed a motion for summary judgment on the ground that Gunn Systems, Inc., had no corporate existence. An amended and substituted complaint was filed in the name of Leland Gunn, d/b/a Gunn Systems, appellee herein. The allegations and remedies sought in the amended and substituted complaint remained identical for all practical purposes.

Appellant denied the allegations and affirmatively stated that the insurance coverage had been obtained. Later, appellant moved again for summary judgment, attaching affidavits and exhibits which tended to refute entirely the factual and legal allegations contained in the amended and substituted complaint. No response to the motion for summary judgment was filed, and on the day before the hearing on that motion the appellee filed for, and obtained, a voluntary nonsuit.

Shortly before the nonsuit was entered, appellant filed a motion for ARCP Rule 11 sanctions, attached to which were an affidavit executed by appellant's attorney and other exhibits. Appellee responded, stating that he and his counsel believed the pleadings filed were well grounded in fact and denied that the suit

was initiated for an improper purpose.

On October 7, 1988, counsel for both parties appeared before the trial court for a hearing on the Rule 11 motion. No testimony was taken, no exhibits were introduced and no record was made of the proceedings. On November 2, 1988, the trial court entered its order, which is quoted in its entirety:

> The Court, having considered the defendant's Motion for Rule 11 Sanctions, finds that the Motion is without merit and that sanctions should not be granted.

> IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the Defendant's Motion For Rule 11 Sanctions should fail and sanctions against Plaintiff and Plaintiff's counsel should not be imposed.

From this order, appellant appeals. The record on appeal consists solely of the pleadings, the affidavits and exhibits attached to them, and the order denying sanctions.

We considered Rule 11 in *Miles* v. *Southern*, 297 Ark. 274, 760 S.W.2d 868 (1988). We indicated our agreement with the approach taken by the 8th Circuit in *O'Connell* v. *Champion Int'l Corp.*, 812 F.2d 393 (8th Cir. 1987), in that the imposition of sanctions is a serious matter to be handled with circumspection and that the trial court's decision was due substantial deference. The gist of the holding in *Miles* was that the appellant had not demonstrated error.

We start our analysis of this Rule 11 case by noting that the rule provides (1) that the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or paper filed in the judicial proceedings, and (2) that, to the best of his knowledge, information and belief formed after reasonable inquiry, those documents are well grounded in fact and are warranted by existing law or a good faith argument for the extension, modification or renewal of existing law. The rule further provides that the pleading, motion or other paper is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Rule 11 also provides for mandatory sanctions when the rule has been violated. Whether a violation of Rule 11

has occurred is a matter for the court to determine. While this determination involves matters of judgment and degree, it nevertheless requires the trial court to consider evidence. It is the moving party's burden to adduce proof of the violation alleged in the Rule 11 motion.

The conduct by the appellee in this case may well have been sufficient to warrant a finding that Rule 11 was violated. Based on the record, however, we cannot know that because no evidence was placed in the record at the hearing on the motion. In his motion, the appellant states that, at the time the complaint and the amended complaint were filed, the appellee either knew the allegations contained therein were false or failed to make a reasonable inquiry as to the truth or falsity of them. The issues raised in the motion, therefore, were factual ones.

Trial courts must decide factual issues based on evidence. Although we make no such conclusion, it may well be that the pleadings, affidavits and exhibits which comprise the record on appeal would have made a sufficient factual case, on circumstantial evidence alone, to justify a finding that Rule 11 had been violated, but those matters were not introduced in evidence. On the other hand, had they been introduced at the hearing the appellee might have been able to produce proof of sufficient weight to overcome appellant's evidence. Certainly due process would require that he be allowed to do so; but when faced with no evidence against him, he had no reason to make a factual rebuttal of the allegations contained in the Rule 11 motion. When arguing on appeal, the burden is on the appellant to demonstrate error and to bring up a record which so demonstrates. *RAD-Razorback Limited Partnership* v. *B.G. Coney Company*, 289 Ark. 550, 713 S.W.2d 462 (1986). When the appellant does not demonstrate error, we affirm.

Since this case involves matters of interest to the bench and the bar, and deals with the administration of justice, we take this opportunity to note the salutary purposes of Rule 11 and to further state the courts' interest in the fair application of it. With that in mind, and notwithstanding the language in ARCP Rule 52 that makes findings of fact and conclusions of law unnecessary in decisions on motions, we believe the better practice is for the trial court to give an explanation of its decision on Rule 11 motions

sufficient for the appellate courts to review.

Affirmed.

HOLT, C.J., and HAYS, J., not participating.

F. Wilson BYNUM, Special Justice, joins in this opinion.