Valerie BRIGHT *v.* Stephen S. ZEGA
and Davis & Zega, P.C.

04-44 186 S.W.3d 201

Supreme Court of Arkansas
Opinion delivered June 17, 2004

*Harry McDermott*, for appellant.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Laura J. Andrews* and *Bradley D. Shepherd*, for appellees.

ROBERT L. BROWN, Justice. Appellant Valerie Bright appeals from the circuit court's order dismissing her attorney negligence and breach-of-contract complaint against the appellees, Stephen S. Zega and Davis & Zega, P.C. (jointly referred to as Zega), for failure to state facts upon which relief could be granted pursuant to Ark. R. Civ. P. 12(b)(6). She asserts two points on appeal: (1) that the circuit court erred in concluding that because she settled her lawsuit in the underlying case, her claim of negligence against Zega should be dismissed; and (2) that the circuit court erred in dismissing her breach-of-contract claim where her complaint alleged a specific promise of representation and further alleged that Zega ignored her case and wrongfully withdrew. We affirm.

On August 27, 2003, Ms. Bright filed a twelve-page complaint against Zega in which she alleged two counts: breach of contract and attorney negligence. Ms. Bright alleged that following several allegedly discriminatory acts by her employer, Wal-Mart, she contacted Zega to represent her in a lawsuit against the company for discrimination and retaliation. Ms. Bright stated that

Zega "specifically promised [her that] he and his law firm would sue Wal-Mart on her behalf for discrimination and retaliation and he would attend her EEOC [Equal Employment Opportunity Commission] interview with her." Ms. Bright alleged that in reliance upon those promises, she hired Zega to represent her.

Ms. Bright further alleged that Zega failed to attend her EEOC interview on March 6, 2002, and that six days later, EEOC notified her of her right to sue.[1] On June 10, 2002, Zega filed Ms. Bright's suit against Wal-Mart in federal court, but, she claims, the complaint did not contain any allegations of retaliation. With respect to her breach-of-contract claim, Ms. Bright asserted that following her failed appearance at a deposition scheduled for November 12, 2002, Zega filed a motion to withdraw. On November 14, 2002, the federal district court granted Zega's motion to withdraw from her case. She contended that Zega breached his contract with her by "failing . . . to attend her EEOC interview as promised, failing to prepare and develop her case for trial as promised, failing to obey her instructions to change her deposition date as instructed, failing to file a cause of action for retaliation as promised, and withdrawing without justification . . . in breach of their promise to sue Wal-Mart on her behalf."

With respect to mitigation, Ms. Bright alleged that she "did everything she could" to hire another attorney to represent her. However, no one would take her case due to the trial date of April 21, 2003. She further stated that she was unaware of any other alternative but to represent herself, and, thus, she was forced to accept a $3500 settlement from Wal-Mart. She concluded that but for Zega's breach of contract, she would have obtained an enforceable judgment against Wal-Mart in excess of $100,000, reinstatement to her job, and attorney's fees.

In the alternative, Ms. Bright claimed that as a result of the attorney-client relationship previously set forth, Zega had a duty to represent her with a reasonable degree of care, skill, and diligence, and owed her a fiduciary duty. She specifically alleged that Zega breached his duty in that he failed "to comply with the Rule 26 discovery requirements . . .; failed to prepare and develop [her] case before November 12, 200[2]; failed to obey [her]

---

[1] The complaint actually states that EEOC notified her on March 12, 2000. However, the outline of events in her complaint necessarily requires that such a notification would have been in 2002.

instructions to change her deposition date; failed to file a cause of action for retaliation; failed to discuss their intent to withdraw as her attorneys before they filed their motion to withdraw; failed to obtain [her] consent to withdraw; failed to find out the circumstances as to why [she] did not show up for her deposition; failed to give [her] adequate notice so that she could find another attorney before they withdrew; failed to file a motion for a continuance based upon their impending withdrawal as her attorney; failed to discuss and advise [her] with regard to her available options resulting from their withdrawal as [her] attorneys; and unjustly withdrew as her attorneys on November 14, 2003." She maintained that as a direct, proximate, and foreseeable result of Zega's negligence, she was damaged in excess of $100,000.

On September 17, 2003, Zega filed a motion to dismiss Ms. Bright's complaint. The motion asserted that Ms. Bright had filed the action under a theory of legal negligence and that because she had settled her federal case with Wal-Mart for $3500, she had elected her remedies, and thus, her complaint failed to state a cause of action upon which relief could be granted.

Following briefs on the dismissal issue, the circuit court issued a letter opinion on November 5, 2003, in which it concluded that Zega's motion to dismiss had merit and should be granted. Specifically, the circuit court found, in that letter opinion in pertinent part:

> ... Here, Plaintiff's complaint does include allegations giving rise to the gender discrimination claim against Wal-Mart and the subsequent alleged wrongful conduct of the Defendants, but it fails to set forth sufficient facts as a matter of law to establish Plaintiff's damages were occasioned as a proximate result of Defendants' conduct.
>
> Plaintiff in her complaint also alleges Defendants breached the attorney-client contract by failing to represent Plaintiff with a reasonable degree of care, skill, and diligence. Although styled as a breach of contract claim, paragraphs 33 through 45 of Plaintiff's complaint contain allegations of negligent representation by Defendants as opposed to breach of contract. In essence, Plaintiff alleges Defendants failed to represent Plaintiff with a reasonable degree of care, skill, and diligence.
>
> The Arkansas Supreme Court in Sturgis v. Skokos, 355 Ark. 41, 977 S.W.2d 217 (1998) held that failing to act diligently is present in

every lawyer-client relationship, but "the violation of that obligation is nothing more than negligence." Even if the promise to act diligently was stated in a written contract, the Court held that such a reference does not transfer the action from one of negligence into a breach of contract action. Id. Accordingly, the mere allegation of failure to proceed diligently or act competently does not permit the claim to be asserted as a breach of contract claim.

Here, as in Plaintiff's claim alleging negligence, Plaintiff has once again failed to allege facts as a matter of law that would establish Plaintiff's damage proximately resulted from Defendants' conduct.

Plaintiff in her complaint concludes Defendants' conduct resulted in her damage; however, when treating the facts alleged in Plaintiff's complaint as true, and viewing them in the light most favorable to Plaintiff, it's clear she has failed to plead facts as a matter of law sufficient to give rise to a claim for relief against Defendants. The underlying claim against Wal-Mart was settled by Plaintiff. She is now attempting to re-litigate the Wal-Mart case by speculating such conduct resulted in damage. Plaintiff's conclusions fail to state a cause of action against Defendants.

The circuit court then entered an order of dismissal without prejudice, which incorporated the reasoning set forth in the letter opinion.

Ms. Bright argues on appeal that Zega owed her a fiduciary duty, and because of that, he had a duty not to terminate his representation when the withdrawal would cause a materially adverse effect. Further, she claims, he had a duty to take steps to protect her interests, such as giving reasonable notice and seeking a continuance. She contends that it was Zega's negligence that coerced her into settling her case for only $3500. She maintains that her complaint stated sufficient facts to demonstrate that Zega's negligence caused her to settle for less than she would have been awarded in litigation.

With respect to her breach-of-contract claim, Ms. Bright argues that this court is obligated to treat the facts set forth in her complaint as true. She further asserts that this is not a case of just negligence, but that it is a case of a refusal-to-perform, resulting in the client not having any legal representation. She maintains that the circuit court's reliance on *Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998), was misplaced and that Arkansas attorneys should not be allowed to escape their contractual obligations to represent clients by withdrawing from their case without cause.

Zega responds that there is no causal link between his withdrawal and Ms. Bright's alleged damages. He further contends that any asserted damage claim is purely speculative. He claims that Ms. Bright elected her remedy by settling her lawsuit and that public policy favors such settlements.

This court has repeatedly set forth our standard of review for orders of dismissal pursuant to Ark. R. Civ. P. 12(b)(6):

> . . . As already noted, this court reviews a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *King v. Whitfield, supra; Neal v. Wilson,* 316 Ark. 588, 873 S.W.2d 552 (1994). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in plaintiff's favor. *Rothbaum v. Arkansas Local Police & Fire Retirement Sys.,* 346 Ark. 171, 55 S.W.3d 760 (2001); *Martin v. Equitable Life Assurance Soc. of the U.S.,* 344 Ark. 177, 40 S.W.3d 733 (2001). Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Ark. R. Civ. P. 8(a)(1); *Grine v. Board of Trustees,* 338 Ark. 791, 2 S.W.3d 54 (1999); *Brown v. Tucker,* 330 Ark. 435, 954 S.W.2d 262 (1997).

*Faulkner v. Arkansas Children's Hosp.,* 347 Ark. 941, 951-52, 69 S.W.3d 393, 339-400 (2002).

Here, Ms. Bright's claims of legal malpractice are premised upon Zega's alleged wrongful withdrawal from representation. Treating the allegations in her complaint as true, Ms. Bright's primary assertion is that had Zega not withdrawn from the case, she would have received a larger judgment against Wal-Mart had the matter gone to trial. She claims that Zega's wrongful withdrawal caused her damages in the form of the difference between her settlement and the potential for an enforceable judgment against Wal-Mart in excess of $100,000.

We are of the opinion that Ms. Bright's claim indeed fails to state facts upon which relief can be granted because the complaint states that the federal district court allowed Zega to withdraw from representation and the complaint makes no allegation that the court erred in its decision. Specifically, the complaint states:

> 39. The defendants filed their motion to withdraw on November 12, 2002. The defendants' unjustifiable excuse to withdraw was that

the plaintiff failed to attend her deposition. The federal judge granted the defendants' motion without a hearing on November 14, 2002. In his order the federal judge specifically noted that the trial date of April 21, 2003, would not be continued.

 The federal district court obviously found merit in Zega's petition to withdraw because it granted his motion. We are reluctant to hold that an authorized withdrawal from representing a client by a federal district judge constituted malpractice. *See, e.g., Washington v. Rucker,* 202 Ga. App. 888, 415 S.E.2d 919 (1992). In *Rucker,* the Georgia Court of Appeals affirmed a dismissal for failure to state a claim where the plaintiff–client did not allege the rules for withdrawal were not followed and had acquiesced in the ruling by not appealing. The court concluded that it was aware of no case where withdrawal with court permission in accordance with the rules constituted legal malpractice. Similarly, the South Carolina Supreme Court has held that where the propriety of an attorney's withdrawal has been litigated and decided in a prior federal antitrust suit and was not appealed, it is *res judicata* and cannot be relitigated in a suit against former counsel for legal malpractice. *See Lifschultz Fast Freight, Inc. v. Haynsworth, Marion, McKay & Guerard,* 334 S.C. 244, 513 S.E.2d 96 (1999). At the very least, Zega has the right to rely upon a valid order of the federal district court permitting him to withdraw. *See, e.g., King v. Carney,* 341 Ark. 955, 20 S.W.3d 341 (2000) (plaintiff was entitled to rely on trial court's extension orders which allowed her additional time to obtain service).

It would present a perverse state of affairs if a trial court could permit trial counsel to withdraw from representation and then that attorney became an "insurance policy" for the former client, after that former client settled for a lesser amount than what she believed she was due. We are aware that the federal district court refused Ms. Bright a continuance, but that factor does not affect the legitimacy of the order permitting Zega's withdrawal. In our judgment, if Ms. Bright believed Zega's withdrawal to be wrong, that battle should have been waged before the federal district court and on appeal and not in a separate lawsuit against former counsel.

 Accordingly, because the federal district court permitted Zega's withdrawal, thereby sanctioning his actions in doing so, Ms. Bright cannot now, in a separate lawsuit, state facts

constituting legal malpractice under either a theory of negligence or breach of contract based on an allegation that that withdrawal was wrongful. While this reason for affirmance differs from that of the circuit court in dismissing Ms. Bright's complaint on grounds that it is speculative, this court can affirm the circuit court because the right result was reached, albeit for the wrong reason. *See Faulkner v. Arkansas Children's Hosp., supra.*

Affirmed.

IMBER, J., not participating.