## Gaye WARR *v.* Kathleen C. WILLIAMSON and Richard D. Kennedy

03-1474                                195 S.W.3d 903

Supreme Court of Arkansas
Opinion delivered October 21, 2004

The *Brad Hendricks Law Firm*, by: *Phyllis B. Edding*, for appellant.

*Watts, Donovan & Tilley*, by: *Jim Tilley* and *Christina Rose Conrad*, for appellees.

JIM HANNAH, Justice. Gaye N. Warr appeals an order of the Pope County Circuit Court awarding Kathleen Williamson costs under Ark. R. Civ. P. 68 (2003). Warr alleges that Williamson's one dollar offer of judgment under Rule 68 was not a *bona fide* offer and so could not trigger an award of costs under Rule 68. We reverse the circuit court and hold that the offer of one dollar was not a *bona fide* or good faith offer as required to trigger an award of costs under Rule 68. We also hold that because the law on what sort of offer is required to trigger costs under Rule 68 was not settled at the time Williamson made the offer of judgment, sanctions under Ark. R. Civ. P. 11 (2003) were not proper, and we affirm the circuit court's denial of sanctions.

### Facts

On July 26, 2000, Warr was a passenger in a car on Interstate 40 that was struck from behind. Warr filed a complaint against Williamson and Richard D. Kennedy on April 11, 2001, based in negligence. She alleged that Williamson was driving a car that struck a car driven by Kennedy, and that "one or both" of the cars struck the vehicle in which she was riding. By way of an Offer of Judgment dated August 6, 2001, Williamson offered to have judgment entered against her in the "total sum of $1.00" in settlement of the lawsuit. The offer was never accepted by Warr, and the case went to trial on June 3, 2003. At trial, the jury returned a verdict finding Williamson zero percent at fault and Kennedy 100 percent at fault. The judgment states, "IT IS THEREFORE CONSIDERED, ORDERED AND AD-

JUDGED that the Complaint of Gaye N. Warr against Kathleen C. Williamson is hereby dismissed with prejudice." After entry of the judgment, Williamson brought a motion for costs under Rule 68. Warr responded to the motion for costs by arguing that the "Arkansas courts have clearly held that a *bona fide* offer must be made for Rule 68 to apply." Warr further argued that the offer of one dollar was a "bogus offer" and an "attempt to circumvent and abuse the purposes of Rule 68 . . . ." Warr also argued that costs were discretionary and not mandatory. The motion for costs was granted in an order entered October 15, 2003.

Warr brought a motion for sanctions under Ark. R. Civ. P. 11, arguing that the motion for costs under Rule 68 was "not well grounded in the law or a good faith argument to change the law." The motion for sanctions was denied in an order entered October 15, 2003. In her Notice of Appeal, Warr states that she is appealing from the order granting costs and the order denying sanctions.

*Rule 68*

At issue is Ark. R. Civ. P. 68 and whether a one dollar offer of judgment will serve to trigger a right to costs under Ark. R. Civ. P. 68. Rule 68 provides in pertinent part:

> *At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued.* If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and judgment shall be entered. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.*

(Emphasis added). Rule 68 does not define what constitutes an offer under the Rule beyond that it must be "money or property." Certainly one dollar is money, albeit not much. The purpose of Rule 68 is to provide a defendant the means to compel a plaintiff to consider anew the merit of his or her claim at the time the offer is made and whether continued litigation is appropriate. *Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d 310 (2000). Rule 68 encourages early settlement

of claims and protects the party who is willing to settle from expenses and costs which will subsequently accrue. *Bell v. Bershears*, 351 Ark. 260, 92 S.W.3d 32 (2002); *see also Jones, supra*. Obviously, if Rule 68 is to serve its stated purpose, it must require that an offer be extended which is sufficient to compel a plaintiff to reassess the likelihood of success on the merits of the claim. *See, e.g., Jones, supra*.

██ In *Darragh Poultry & Livestock Equipment Co. v. Piney Creek Sales, Inc.*, 294 Ark. 427, 431, 743 S.W.2d 804 (1988),[1] this court stated, "Under Rule 68 a trial judge has no discretion but must order the offeree to pay the authorized costs incurred after the making of a *bona fide* offer, if the judgment, exclusive of interest, is not more favorable than the offer." Similarly, in *Hankins v. Deptartment of Finance and Administration*, 330 Ark. 492, 497, 954 S.W.2d 259 (1997), this court cited *Darragh, supra*, in stating, "We recognize that Ark. R. Civ. P. 68 requires the trial judge to order an offeree to pay the authorized costs after the making of a *bona fide* offer, if the judgment, exclusive of interest, is not more favorable than the offer." Thus, while in both opinions this court used the term "*bona fide* offer," neither opinion discussed why that term was used or exactly what sort of offer is required to trigger an award of costs under Rule 68. However, while not precisely on point, the discussion in *Jones, supra*, is helpful. In *Jones* this court cited *Darragh* and stated:

> The purpose of Rule 68 is to provide a means by which a defendant can compel the plaintiff realistically to reassess his claim and thereby, perhaps, persuade plaintiff to settle. *See Darragh Poultry & Livestock Equipment Co. v. Piney Creek Sales, Inc.*, 294 Ark. 427, 743 S.W.2d 804 (1988).

> The chancellor denied cross-appellants' motion for costs based on their October 1997 offer of judgment. *Cross-appellants made a*

---

[1] In *Darragh Poultry & Livestock Equipment Co. v. Piney Creek Sales, Inc.*, 294 Ark. 427, 743 S.W.2d 804 (1988), this court considered whether a defendant who obtains a judgment by a defense verdict at trial may collect costs under Ark. R. Civ. P. 68, even though the Rule provides that costs are awarded when the offeree's judgment "is not more favorable than the offer" that the offeror made. In that case, this court declined to follow the reasoning in *Delta Airlines, Inc. v. August*, 450 U.S. 346 (1981), where the United States Supreme Court held that a victorious defendant is not entitled to recover costs incurred after the making of the offer under Fed. R. Civ. P. 68. *Delta, supra*. Neither party has asked this court to reconsider our decision in *Darragh, supra*.

> *settlement offer of "one-third of one-fourth of the net value of the estate of Frances Abraham," which was no greater than the minimum amount that cross-appellees were to inherit* under Frances Abraham's last will executed in 1987. The three appellants were to inherit one-fourth of Frances Abraham's estate under the 1987 will. *Rule 68 is not applicable where a defendant makes an offer of settlement that is no greater than the minimum amount that the plaintiff can recover. The trial court was correct in its ruling.*

*Jones*, 341 Ark. at 81-2 (emphasis added). In *Jones, supra*, this court affirmed the court of appeals decision in *Jones v. Abraham*, 67 Ark. App. 304, 318, 999 S.W.2d 698 (1999), wherein the court of appeals in citing to *Darragh, supra*, stated, "Offers of judgment made pursuant to Rule 68 are effective only if they are *bona fide* offers." "[T]he settled meaning of *bona fide* is synonymous with its literal translation, 'good faith,' and is so familiar that the average person could not be misled." *4000 Asher, Inc. v. State*, 290 Ark. 8, 14, 716 S.W.2d 190 (1986).

Rule 68 offers a defendant the opportunity to make a good faith offer of judgment to encourage the plaintiff to settle the case and to acquire protection against expenses and costs accruing after the offer is made. To obtain the protection and benefit of Rule 68, a defendant must make a good faith offer, or in other words, an offer sufficient to compel the plaintiff to reassess his or her case. It is difficult to imagine any circumstances under which an offer of one dollar would compel a plaintiff to seriously consider settling a case. For example, Warr paid far in excess of one dollar in filing fees just to bring the lawsuit. It is apparent that the offer of one dollar was made in an attempt to entitle Williamson to costs under Rule 68 on technical grounds should the jury return a defense verdict.

It should be noted that Rule 68 applies to offers made "with costs then accrued." Clearly, even though parties to a lawsuit will certainly value any given case differently, the Rule contemplates that an offer triggering an award of costs under Rule 68 would at the least take costs into account. This court has stated that Rule 68 has real meaning, and as an example noted how the Rule is to be given effect as shown by the fact it allows the trial judge no discretion in granting fees where a party meets the requirements of the rule. *Darragh, supra*. An offer of one dollar simply would not compel Warr to reassess the likelihood of success and consider whether accepting the offer would be best. The offer

was not made in good faith under Rule 68. The circuit court is reversed on the award of fees under Rule 68 because Williamson failed to make a valid offer of judgment under Rule 68.

### Rule 11 Sanctions

■ This court recently discussed Ark. R. Civ. P. 11 sanctions:

> The primary purpose of Rule 11 sanctions is to deter future litigation abuse, and the award of attorney's fees is but one of several methods of achieving this goal. *See Crockett & Brown, P.A. v. Wilson,* 321 Ark. 150, 901 S.W.2d 826 (1995). When a trial court determines that a violation of Rule 11 has occurred, the Rule makes sanctions mandatory. *Id.* The moving party has the burden to prove a violation of Rule 11. *Bratton v. Gunn,* 300 Ark. 140, 777 S.W.2d 219 (1989). The imposition of sanctions pursuant to Rule 11 is a serious matter to be handled with circumspection, and the trial court's decision is due substantial deference. *Williams v. Martin,* 335 Ark. 163, 980 S.W.2d 248 (1998); *Crockett & Brown, supra.*

*Pomtree v. State Farm Mut. Auto. Ins.,* 353 Ark. 657, 666, 121 S.W.3d 147 (2003). Warr argues that the circuit court abused its discretion in denying her motion for Rule 11 sanctions because the offer of one dollar was "clearly in violation of the purpose and intent of Rule 68." Warr further argues that filing the motion for costs was an "abuse of the rules of civil procedure and the judicial system."

■ This court further stated in *Pomtree, supra*:

> The essential issue is whether the attorney who signed the pleading or other document fulfilled his or her duty of reasonable inquiry into the relevant law, and the indicia of reasonable inquiry into the law include the plausibility of the legal theory espoused in the pleading and the complexity of the issues raised. *Id.* The moving party establishes a violation of Rule 11 when it is patently clear that the nonmoving party's claim had no chance of success.

*Pomtree,* 353 Ark. at 667.

■ We cannot say that the motion was made for an improper purpose or that a reasonable inquiry into the issue of what offer is required to trigger an award of costs under Rule 68 at the time the offer was made would have shown that it was

implausible. At the time the Rule 68 offer was made, there was no decision of this court on point discussing what sort of offer triggers an award of costs under Rule 68. We therefore affirm the circuit court's denial of the motion for sanctions, although on a basis different than that relied upon by the circuit court. We will affirm the lower court when it has reached the right result even though it was based on the wrong reason. *HRR Arkansas, Inc. v. River City Contractors, Inc.*, 350 Ark. 420, 87 S.W.3d 232 (2002).

GLAZE and IMBER, JJ., concurring.

A NNABELLE CLINTON IMBER, Justice, concurring. I concur with the majority that Williamson's one-dollar offer of judgment under Ark. R. Civ. P. 68 (2004) was not a good faith, *bona fide* offer as required by our case law. Notwithstanding my agreement with the majority, I feel compelled to point out that the one-dollar offer of judgment would not be an issue if it were not for our court's interpretation of Rule 68 in *Darragh Poultry & Livestock Equipment Co. v. Piney Creek Sales, Inc.*, 294 Ark. 427, 743 S.W.2d 804 (1988). As the majority correctly notes, neither party has asked us to reconsider our decision in *Darragh.* However, I agree with the United States Supreme Court in *Delta Air Lines, Inc. v. August,* 450 U.S. 346 (1981), that a prevailing defendant should not be entitled to recover costs incurred under Rule 68.

Rule 68 of the Arkansas Rules of Civil Procedure states in part:

> [A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued . . . [I]f the judgment . . . *finally obtained by the offeree* is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer . . . For purposes of this rule, the term "costs" is defined as reasonable litigation expenses, excluding attorney's fees.

Ark. R. Civ. P. 68 (2004)(emphasis added). In refusing to apply Rule 68 to a prevailing defendant, *Delta Air Lines* prevented frivolous settlement offers, such as the one-dollar offer here. In *Darragh*, however, this court declined to follow *Delta Air Lines*, but instead ruled that a prevailing defendant can still recover costs under Rule 68. As a result, we abandoned an opportunity to prevent the very issue on

appeal; rather, our holding in *Darragh* extended Rule 68 beyond judgments obtained by the offeree to encompass judgments obtained by the offeror. In so holding, this court instituted a *bona fide* offer requirement. Such a requirement now forces our court to become involved in determining what is, or is not, a *bona fide* offer when awarding a prevailing defendant costs under Rule 68. *Darragh Poultry & Livestock Equipment Co., supra.* In this case, it is not difficult to determine that a one-dollar offer is not *bona fide* offer, but what amount of money makes an offer *bona fide*? For example, is a $200,000 offer always a *bona fide* offer in a case where millions of dollars are at stake? By following the federal interpretation of Rule 68, this court would eliminate the need to determine whether there has been a *bona fide* offer because a prevailing defendant cannot benefit from the rule.

In addition, a literal interpretation of Rule 68 eliminates any *bona fide* offer requirement when a judgment is obtained by the offeree; that is, when there is a judgment in favor of the plaintiff. As noted in *Delta Air Lines*, if the plaintiff rejects a realistic offer made by the defendant, then under Rule 68, the defendant will receive costs should the plaintiff gamble and receive a judgment less than or equal to the amount offered. *Delta Air Lines v. August*, 450 U.S. at 355-356. Under the plain language of the rule, an offeror will only receive costs when there is a realistic offer made to a plaintiff who prevails:

> But the plain language of the Rule makes it unnecessary to read a reasonableness requirement into the Rule. A literal interpretation totally avoids the problem of sham offers, because such an offer will serve no purpose, and a defendant will be encouraged to make only realistic settlement offers.

*Id.* Furthermore, as pointed out by the Supreme Court "[if] interpreted to require that the plaintiff secure at least some relief, the rule would insure that token offers will not be made because nothing would be gained by them." *Id.* (Fn. 15)(citing Note, *Rule 68: A "New" Tool for Litigation,* 1978 DUKE L. J. 889, 895 (1978)).

Moreover, this court's interpretation of Rule 68 in *Darragh* circumvents the intent and application of Ark. R. Civ. P. 54. As recognized by the majority, the purpose of Rule 68 is to provide a defendant the means to compel a plaintiff to reassess the merits of the case at the time the offer is made and determine whether continued litigation is appropriate. *Jones v. Abraham,* 341 Ark. 66, 15 S.W.3d 310 (2000). Under Rule 68, a trial court has no

discretion in awarding costs if the, "judgment. . . obtained by the offeree is not more favorable than the offer." Ark. R. Civ. P. 68. In contrast, Rule 54(d) gives the trial court discretion in awarding costs to the prevailing party.[1] Our precedent interpreting Rule 68 enables a prevailing defendant who has made an offer to mandatorily recover costs, and, as a result, we have lessened the trial court's discretionary authority to award costs to a prevailing party under Rule 54(d). As the Supreme Court noted in *Delta Air Lines*, the general rule of discretion established in Rule 54(d) is best protected by limiting the application of Rule 68 "only to offers made by the defendant and only to judgments obtained by the plaintiff." *Delta Air Lines, Inc. v. August*, 450 U.S. at 352. The scope of Rule 68 is set forth succinctly by the Supreme Court in *Delta*:

> Rule 68 could conceivably alter the Rule 54(d) presumption in favor of the prevailing party after three different kinds of judgments are entered: (1) a judgment in favor of the defendant; (2) a judgment in favor of the plaintiff but for an amount less than the defendant's settlement offer; or (3) a judgment for the plaintiff for an amount greater than the settlement offer. The question presented by this case is which of these three situations is described by the words "judgment finally obtained by the offeree . . . not more favorable than the offer." Obviously those words do not encompass the third situation— a judgment in favor of the offeree that is *more favorable* than the offer. Those words just as clearly do encompass the second, for there can be no doubt that a judgment in favor of the plaintiff has been "obtained by the offeree." But inasmuch as the words "judgment . . . obtained by the offeree" — rather than words like "any judgment" — would not normally be read by a lawyer to describe a judgment in favor of the other party, the plain language of Rule 68 confines its effect to the second type of case — one in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer.

*Delta Air Lines, Inc. v. August*, 450 U.S. at 351.

GLAZE, J., joins.

---

[1] Ark. R. Civ. P. 54(d)(1) (2004) provides that "[c]osts shall be allowed to the prevailing party if the court so directs, unless a statute or rule makes the award mandatory."