John Edward GRUBBS *v.* Frederick A. HINDES
and Pamela M. Cornwell-Hindes

CA 07-239                                    278 S.W.3d 575

Court of Appeals of Arkansas
Opinion delivered March 5, 2008

[Rehearing denied April 9, 2008.*]

---

* HART and BIRD, JJ., would grant rehearing.

*Pryor, Robertson Beasley, Smith & Karber, PLLC*, by: *C. Brian Meadors*, for appellant.

*Nolan, Caddell & Reynolds, P.A.*, by: *David L. Borland*, for appellees.

ROBERT J. GLADWIN, Judge. Appellant John Edward Grubbs appeals the November 28, 2006 order of the Sebastian County Circuit Court granting appellees Frederick A. Hindes and Pamela M. Cornwell-Hindes a new trial. Appellant contends that appellees failed to properly object to the jury interrogatories and, thus, are not entitled to receive a new trial. Also, he claims that the appellees failed to establish that they did not receive a fair trial. We reverse and remand with instructions to reinstate the judgment consistent with the jury's verdict.

### Facts

On March 30, 2003, appellant was traveling in a vehicle behind appellees, who traveled by motorcycle and side-car. In front of appellees was another motorcycle, and in front of that motorcycle was a car, which was driven by Elizabeth Rowlett, a non-party to the lawsuit. The testimony at trial was that Rowlett's car left the roadway near a curve. The first motorcycle slowed down, and appellee's motorcycle slowed down or came to a stop. Appellant's vehicle then hit appellees' motorcycle from behind, knocking them off the motorcycle. Both were taken to the hospital by ambulance.

Appellees filed a complaint against appellant on September 7, 2004, for negligence, seeking damages for their injuries, pain and suffering, medical treatment, and medical expenses. At trial, appellant moved for a directed verdict both at the end of appellees' case and at the conclusion of all testimony. The directed-verdict

motions were based on appellant's argument that there was not substantial evidence before the trial court to indicate his negligence. The motions were denied. The trial court then discussed jury instructions with counsel for both parties. Counsel for appellees objected to the submission to the jury of those interrogatories which contained a provision for a finding of a percentage of fault attributable to Elizabeth Rowlett, a non-party. The trial court overruled this objection and proceeded to instruct the jury. Contained within the instructions to the jury were four interrogatories, each its own document with blank spaces provided for juror signatures, and which stated as follows:

## INTERROGATORY NO. 1

Do you find by a preponderance of the evidence that John Edward Grubbs was negligent in the occurrence?

ANSWER: _____ YES _____ NO

. . . .

**NOTE: ANSWER INTERROGATORY NO. 2 ONLY IF YOUR ANSWER TO INTERROGATORY NO. 1 WAS YES. OTHERWISE, DO NOT ANSWER INTERROGATORY NO. 2 AND ANY OF THE FOLLOWING INTERROGATORIES.**

## INTERROGATORY NO. 2

Using 100% to represent the total responsibility for the occurrence and any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

| | | |
|---|---|---|
| Frederick A. Hindes | _____ % | |
| John Edward Grubbs | _____ % | |
| Elizabeth Rowlett | _____ % | |
| TOTAL | 100 % | |

. . . .

**NOTE: ANSWER INTERROGATORY NO. 3 ONLY IF YOU FIND JOHN EDWARD GRUBBS MORE THAN**

50% AT FAULT IN INTERROGATORY NO. 2. OTHER-
WISE, DO NOT ANSWER INTERROGATORY NO. 3.

## INTERROGATORY NO. 3

State the total damages that Frederick A. Hindes is entitled to recover, if any, that you find were approximately caused by the occurrence.

ANSWER:    $ _____

. . . .

**NOTE: ANSWER INTERROGATORY NO. 4 ONLY IF YOU FIND JOHN EDWARD GRUBBS MORE THAN 50% AT FAULT IN INTERROGATORY NO. 2. OTHER-WISE, DO NOT ANSWER INTERROGATORY NO. 4.**

## INTERROGATORY NO. 4

State the total damages that Pamela M. Cornwell-Hindes is entitled to recover, if any, that you find were approximately caused by the occurrence.

ANSWER:    $ _____

The jury returned having answered "yes" to the first interrogatory, finding that appellant was negligent. Nine jurors signed this form. The jurors then found that appellee Frederick A. Hindes and appellant were both twenty-five percent responsible for the occurrence and that Rowlett was fifty-percent responsible. Again, nine jurors signed the second interrogatory. However, not all the nine jurors who signed Interrogatory No. 2 were the same jurors who answered "yes" to Interrogatory No. 1. This discovery was not made before the jurors were excused, even though the jury was polled as to their verdict before their dismissal. After the jury had been dismissed, appellees moved for a judgment notwithstanding the verdict, arguing that, based upon the evidence as presented, the jury could not have found Rowlett fifty percent at fault. The trial court took the motion under advisement, and offered an opportunity for appellees to file a written motion.

At the post-trial hearing on appellees' motion for judgment notwithstanding the verdict and alternative motion for new trial, appellees made two arguments. First, they argued that there was not sufficient evidence presented at trial for the jury to have found by a preponderance of the evidence that Rowlett was fifty-percent responsible, and that there was substantial evidence presented that appellant was negligent. Second, they argued that the jury failed to properly follow instructions in answering the interrogatories. The second argument was not contained in the written motion before the trial court, but was brought to the trial court's attention for the first time during the oral argument at the post-trial hearing.

The trial court found that there was an irregularity in the proceedings that prevented appellees from having a fair trial, and ordered that the judgment be vacated and the matter set for a new trial. This appeal followed.

*Law*

The standard of review utilized in cases involving a trial court's grant of a new trial is well settled:

> Upon review of a trial court's grant of a new trial, this court must determine whether the trial court abused its discretion. *Sunrise Enters., Inc. v. Mid-South Rd. Builders, Inc.*, 337 Ark. 6, 987 S.W.2d 674 (1999); *Razorback Cab of Ft. Smith, Inc. v. Martin*, 313 Ark. 445, 856 S.W.2d 2 (1993). Where a new trial has been granted, it is more difficult to prove that the trial court abused its discretion, as the party opposing the motion will have another opportunity to prevail. *Id.*; *Worthington v. Roberts*, 304 Ark. 551, 803 S.W.2d 906 (1991). This court has held that a manifest abuse of discretion is one exercised improvidently or thoughtlessly and without due consideration. *Martin*, 313 Ark. 445, 856 S.W.2d 2; *Security Ins. Co. v. Owen*, 255 Ark. 526, 501 S.W.2d 229 (1973).

*Jones Rigging & Heavy Hauling, Inc. v. Parker*, 347 Ark. 628, 632-33, 66 S.W.3d 599, 602 (2002).

Appellant contends that the resolution of this appeal is entirely governed by *Jones Rigging*. There, injured motorists brought a personal-injury action against a truck driver and trucking corporation as a result of a collision. After a jury verdict for defendants, the trial court granted the injured motorists a new trial. The defendants appealed, and the Arkansas Supreme Court held that the injured motorists were not entitled to a new trial based on

their claim of surprise regarding testimony that the trucking corporation had dissolved. The court held that at no point during the surprise testimony did the injured motorists object. They also did not request a continuance or seek any type of curative relief, such as a cautionary instruction from the court. Moreover, the court held that the injured motorists were also responsible for introducing the offending testimony. The court stated, "It is well settled that a party who invites error may not complain of that error for which he or she is responsible." *Id.*, 347 Ark. at 634, 66 S.W.3d at 603 (citing *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997); *Peters v. Pierce*, 308 Ark. 60, 823 S.W.2d 820 (1992)).

Appellant argues that the facts herein parallel those in *Jones Rigging.* Here, the jury was given interrogatories, and appellees' only objections were to request a general-verdict form and an objection to including Rowlett in the interrogatories. No alternative interrogatories were offered by appellees. Appellant contends that when the jury returned a verdict that made them unhappy, appellees moved for a judgment notwithstanding the verdict. The trial court denied this motion, but granted the motion for a new trial on the basis of the irregularities in signing the interrogatories. Appellant argues that the trial court herein, just as in *Jones Rigging,* granted a new trial on the basis of an event for which there was not a proper objection. We agree.

### Objections to jury interrogatories

Appellees argue that they did make an objection to the interrogatories being submitted to the jury, and referenced the trial court to their motion in limine and brief in support, which sought the trial court's exclusion of testimony or evidence that would support any contention that a non-party, Elizabeth Rowlett, was liable in any way for appellees' damages. Further, appellees maintain that they were not required to proffer an alternate jury instruction, citing *Tandy Corporation v. Bone*, 283 Ark. 399, 678 S.W.2d 312 (1984) (where our supreme court held that all that is required to preserve an objection for appeal regarding an erroneous instruction of law is to make a timely objection and state valid reasons for the objection).

We agree that appellees were not required to proffer an alternative jury instruction in order to preserve the objection for appeal. However, the objection made by appellees was different than and irrelevant to the reasons proffered for a new trial. An objection must be specific enough to tell the trial court exactly

why the interrogatory is wrong. *See* Ark. R. Civ. P. 51 (2006). Appellees' objection was "with regard to a percentage at fault being available to Elizabeth Rowlett, as the empty chair or non-party here. . . ." The trial court had previously determined that the inclusion of the "empty chair" was correct as a matter of law.[1] However, a new trial was granted on the basis of the irregularities in signing the interrogatories. Therefore, the new trial was not granted due to the sole issue on which appellees objected. Further, appellees acknowledge that the trial court "went beyond the objection raised against the interrogatories" in granting a new trial.

*Fair trial*

■ Also pursuant to *Jones Rigging*, appellees were required to establish that their right to a fair trial was materially affected in order to obtain a new trial. *See Jones Rigging*, 347 Ark. at 635, 66 S.W.3d at 603. Appellees failed in this regard in two ways. First, the jury heard facts to support the three-way division of fault, and thus the record supports the jury's answer to Interrogatories Nos. 1 and 2.

Second, appellees are not entitled to recovery, even though Mr. Hindes was found to be only twenty-five percent at fault, because appellees failed to properly preserve this issue. Arkansas Rule of Civil Procedure 51 states in pertinent part as follows:

> No party may assign as error the giving or the failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection, and no party may assign as error the failure to instruct on any issue unless such party has submitted a proposed instruction on that issue. . . . A mere general objection shall not be sufficient to obtain appellate review of the court's action relating to instructions to the jury except as to an instruction directing a verdict or the court's action in declining to do so.

The interrogatories as written only allowed for recovery if appellant had been found by the jury to be more than fifty-percent at fault.

---

[1] The Civil Justice Reform Act, codified at Ark. Code Ann. § 16-55-202 (Repl. 2005) which became effective on March 25, 2003, requires the fact-finder to consider the fault of all persons or entities who contributed to the alleged injury or damage regardless of whether the person or entity was or could have been named as a party to the suit.

Appellees should have objected to the interrogatory as written, but they did not. Therefore, the resultant verdict of "no damages" cannot be the basis for ordering a new trial.

Appellees contend that they did not receive a fair trial and maintain that they raised the issue with their oral motion for judgment notwithstanding the verdict, and it was further argued by them in their written motion and established again in oral argument on that motion. They argue that the following issues were raised in the post-trial hearing: 1) the verdict was not supported by the evidence presented at trial; 2) the interrogatories submitted to the jury should not have included the non-party; 3) the jury failed to understand and follow the instructions as they were given; 4) finding Mr. Hindes to be twenty-five percent at fault should not have excluded him from an award of damages; 5) damages were not assessed for Mrs. Hindes, who was an innocent passenger. Appellees argue that these issues relate to the fact that they were not awarded damages by the jury. They contend that this failure to award damages was determined by the trial court as being the result of irregularities in the proceedings.

Appellees maintain that the irregularities justify an award of a new trial, making appellant's argument, whether objections were made to the interrogatories, moot. Rule 59(a)(1) (2006) of the Arkansas Rules of Civil Procedure allows for a new trial based upon irregularities in the proceedings. Appellees argue that one of the most telling irregularities in the proceedings was the failure of the jury to follow the instructions as given by the trial court, as discussed in the facts above. Had the jurors complied with the instructions, appellees surmise that there would not have been the requisite number of jurors signing the interrogatory assigning the distribution of fault, and the effect would have been a hung jury, warranting a new trial. Further, they contend that because there was no finding of negligence against Mrs. Hindes, she should have been awarded one hundred percent of her damages against appellant.

■ There is a long-standing rule in Arkansas that "the time to object to an irregularity or inconsistency in a verdict is prior to the discharge of the jury." *Spears v. Mills*, 347 Ark. 932, 937, 69 S.W.3d 407, 411 (2002). That did not happen here and, in fact, the issue only came to light during oral argument in the hearing on appellees' motion for judgment notwithstanding the verdict, or alternatively, motion for new trial. Appellees lost their opportunity to object when they failed to recognize the irregular-

ity when the jury was polled. Therefore, the argument that the jury's failure to award Mrs. Hindes any damages was an irregularity has been waived because appellees failed to object when the verdict was rendered.

■ Appellees argue that the trial court did not abuse its discretion in awarding a new trial. They contend that under Rule 59(a)(1) and (e), the trial court had the authority to grant a new trial. The rule states in pertinent part as follows:

> (a) A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: (1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial.
>
> . . . .
>
> (e) Not later than 10 days after entry of judgment, the court on its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely filed, for a reason not stated in the motion. In either case, the court shall specify in the order the ground therefor.

However, a party may not enjoy the benefits of a Rule 59(e) order for new trial when the errors justifying a new trial were caused by that party. The rule provides that the trial court can grant a new trial on its own when that party could have properly brought such a motion. Appellant argues that appellees could not have properly brought a new trial motion because they failed to object when the verdict was rendered, effectively waiving their opportunity to seek a new trial based upon the irregularities found in the interrogatory responses. *See Jones Rigging, supra.*

We agree. We further hold that the trial court's order did not have the requisite specificity as required under Rule 59(e), which states that the trial court must specify in its order the reason for ordering a new trial. Accordingly, we hold that the trial court abused its discretion in granting a new trial based upon irregularities to which there were not proper objections.

Reversed and remanded in order that the jury's verdict be reinstated.

PITTMAN, C.J., ROBBINS, and GRIFFEN, JJ., agree.

HART and BIRD, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting. Because the Arkansas Constitution guarantees a citizen the right to appeal, the Arkansas Court of Appeals handles a high volume of appeals. We are able to handle this high volume of appeals because we adhere to certain conventions and practices. With few very limited exceptions, we do not have a plain error rule in Arkansas appellate practice. Accordingly, we routinely affirm cases where the *appellant* has failed to make an argument to the trial court. *See, e.g., Parker v. BancorpSouth Bank,* 369 Ark. 300, 253 S.W.3d 918 (2007). However, it is beyond dispute that the same rules do not apply to the *appellee.*

One of our most important conventions in appellate jurisprudence is that we will affirm a trial court if it reaches the right result; indeed, our supreme court has held that it is "axiomatic" that we affirm if we can determine that the trial court reached the right result even if it is for a different reason. *Stromwall v. Van Hoose,* 371 Ark. 267, 265 S.W.3d 93 (2007); *Thomas v. Avant,* 370 Ark. 377, 260 S.W.3d 266 (2007); *see also Davis v. State,* 367 Ark. 330, 240 S.W.3d 115 (2006); *Alphin v. Alphin,* 364 Ark. 332, 219 S.W.3d 160 (2005); *Regions Bank v. Griffin,* 364 Ark. 193, 217 S.W.3d 829 (2005); *State Farm Fire and Casualty Co. v. Andrews,* 363 Ark. 67, 210 S.W.3d 896 (2005); *Warr v. Williamson,* 359 Ark. 234, 195 S.W.3d 903 (2004); *Bright v. Zega,* 358 Ark. 82, 186 S.W.3d 201 (2004); *Ouachita Trek & Dev. Co. v. Rowe,* 341 Ark. 456, 17 S.W.3d 491 (2000); *Malone v. Malone,* 338 Ark. 20, 991 S.W.2d 546 (1999); *State v. Hatchie Coon Hunting & Fishing Club,* 98 Ark. App. 206, 254 S.W.3d 11 (2007); *McKenzie v. State,* 69 Ark. App. 186, 12 S.W.3d 250 (2000). Given that our practice of affirming a trial court if it reaches the right result is so well settled, it is untenable that the majority has decided this case on the *appellees'* failure to raise certain arguments.

The *appellees* were not even required to raise *any* issue for the trial judge to grant a new trial. Rule 59(e) of the Arkansas Rules of Civil Procedure invests the trial court with the power "on its own initiative [to] order a new trial for *any reason* for which it might have granted a new trial on a motion of a party." The specifically enumerated grounds stated in Rule 59(a) include: "(5) error in the assessment of the amount of recovery, whether too large or too small;" and "(6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to law." I think our

analysis need go no further than to note that Pamela M. Cornwell-Hindes, a non-negligent passenger, recovered nothing in this lawsuit, which is a patently erroneous assessment of damages and a result that is clearly contrary to the preponderance of the evidence. On the inadequacy of the verdict alone, the trial court was correct in granting a new trial and should be affirmed. *See Tirado v. O'Hara,* 70 Ark. App. 152, 15 S.W.3d 715 (2000).

I note further that there was an irregularity in the proceeding that would have justified a new trial. That irregularity came through the submission of the case on special interrogatories that the appellant essentially concedes "should have been written differently." The majority, however, accepts the appellant's obviously fallacious argument that the deficiencies in the interrogatories are of no consequence because the objection that the *appellees* made to the trial court was not adequate under Rule 51 of the Arkansas Rules of Civil Procedure. In fact, the appellees were not required to make any objection at all. Our review focuses on the trial court's ruling, not what the *appellees* said to the trial court before the trial court made that ruling.

Furthermore, it must be noted that the majority has confused "instructions" with "interrogatories." Black's Law Dictionary defines a jury *instruction* as "A direction or guideline that a judge gives a jury concerning the law of the case." It defines a special *interrogatory* as "A written jury question whose answer is required to supplement a general verdict." Through *instructions*, a jury receives information from the court, whereas through *interrogatories*, the court receives information from the jury. Remarkably, the majority purports to support its holding that the appellees' objection to the appellant's *interrogatories* was inadequate under Arkansas Civil Procedure Rule 51, which only concerns jury *instructions*. While Arkansas Civil Procedure Rule 51 expressly requires a specific contemporaneous objection and proffer of the party's proposed jury *instruction* to preserve the issue for appellate review,[1] Arkansas Civil Procedure Rule 49, the rule concerning

---

[1] In pertinent part, Arkansas Civil Procedure Rule 51 states:

No party may assign as error the giving or the failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection, and no party may assign as error the failure to instruct on any issue unless such party has submitted a proposed instruction on the issue.

special *interrogatories*, imposes no equivalent requirement of a contemporaneous objection and proffer. I have never seen a more obvious mistake of law. As a consequence, the majority's holding is completely unsupported by any relevant authority.

I believe that this case must be affirmed, therefore, I respectfully dissent.

BIRD, J., joins.