Gloria PRESTON, Administratrix of the Estate of
Richard L. Preston and Gloria Preston, Individually, and Thomas
Robertson, as Trustee for the Bankruptcy Estate of Gloria Preston  *v.*
Fred E. STOOPS, Sr., Richard D. Marrs, Eddie D. Ramirez and
Richardson, Stoops, Richardson & Ward, P.C.

07-805                                                      285 S.W.3d 606

Supreme Court of Arkansas
Opinion delivered June 5, 2008

*Walters, Gaston and Ridgley,* by: *Troy Gaston* and *Bill Walters,* for appellant.

*Hardin, Jesson & Terry,* by: *Rex M. Terry,* for appellees.

Jim Hannah, Chief Justice. The Estate of Richard L. Preston and Gloria Preston (Preston) appeal the dismissal of their

complaint with prejudice. Preston asserted a cause of action against their former attorneys Fred E. Stoops, Sr.; Richard D. Marks; and Stoops, Richardson & Ward, P.C. (Stoops) under the Arkansas Deceptive Trade Practices Act (ADTPA)[1] and based on a breach of the covenant of good faith and fair dealing. Preston alleges that the circuit court erred in ruling that the ADTPA does not apply to solicitation of clients by attorneys and in ruling that there is no cause of action for the breach of the covenant of good faith and fair dealing. Preston also asserts that the circuit court erred in ruling in favor of Stoops because it did not decide the issue of whether there was a contract and whether that contract was breached. We affirm the circuit court on all issues raised on appeal. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1).

On November 19, 1999, Richard L. Preston fell and broke his left femur. Stoops[2] offered to represent Preston in a medical malpractice law suit related to medical care rendered for the broken femur. Preston agreed. Stoops filed an action in the Pulaski County Circuit Court. It was dismissed with prejudice by the circuit court because Stoops was not authorized to practice law in Arkansas. The dismissal with prejudice was affirmed by this court. *See Preston v. Univ. of Ark. for Med. Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003).[3]

On March 15, 2006, Preston filed a complaint against Stoops under the ADTPA. Stoops filed a motion for summary judgment, arguing that the ADTPA does not apply to the practice of law. Before the motion for summary judgment was heard, Preston filed a second amended complaint, adding a cause of action for a breach of the covenant of good faith and fair dealing. On June 13, 2007, the circuit court considered the motion for summary judgment on the application of the ADTPA. The circuit court found that the

---

[1] *See* Ark. Code Ann. § 4-88-101 (Supp. 2005).

[2] Stoops, Richardson & Ward, P.C., is a law firm located in Tulsa, Oklahoma. It was determined in *Preston v. University of Arkansas for Medical Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003), that in their representation of the Prestons, no attorney in the firm was authorized to practice law in Arkansas either as an attorney licensed in Arkansas or by admission in Arkansas pro hac vice.

[3] The dismissal was properly entered with prejudice because Stoops's complaint was a nullity, and by the time it was dismissed, the statute of limitations on the medical malpractice had run, precluding the filing of a new complaint. *See Preston v. Univ. of Ark. for Med. Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003).

motion presented an issue of whether the complaint should be dismissed, rather than a question of whether a genuine issue of material fact remained, and treated the motion as a motion to dismiss. The circuit court found that the ADTPA did not apply to the practice of law. On July 18, 2007, the circuit court considered the new cause of action for breach of the covenant of good faith and fair dealing and found that there was no such cause of action in Arkansas. Plaintiff's Second Amended complaint was dismissed with prejudice.

As already noted, while Stoops presented its motion in the form of a motion for summary judgment, Stoops asserted that there was no cause of action and sought dismissal. The motion was treated as a motion to dismiss. We review a decision on a motion to dismiss by treating the facts alleged as true and by viewing them in a light most favorable to the plaintiff. *Bright v. Zega*, 358 Ark. 82, 186 S.W.3d 201 (2004). Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.* As to issues of law presented, our review is de novo. *See R.K. Enters., LLC v. Pro-Comp Mgmt., Inc.*, 372 Ark. 199, 272 S.W.3d 85 (2008).

We first consider Preston's claim that the circuit court erred in failing to rule on whether there was a contract and whether that contract was breached. As Preston notes, the circuit court did not decide these issues. "Our jurisdiction on appeal is limited to review of an order or decree of a lower court." *Bobo v. Jones*, 364 Ark. 564, 571, 222 S.W.3d 197, 203 (2006) (citing *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004)). Because there is no ruling on the issues of the existence of a contract or breach of a contract, these issues are not subject to appellate review. *Id.*

We next consider Preston's argument that the circuit court erred in ruling that the ADTPA does not apply to the practice of law. Preston alleges that Stoops "enticed and induced" them into accepting representation. Preston alleges further that Stoops knew at the time that they prejudiced their clients and that they were not authorized to practice law in Arkansas, but lied about it. Stoops is further accused of engaging in nefarious conduct throughout their representation, including lying to the Prestons and representing that the lawsuit could be and had been refiled. Preston alleges that this conduct, and especially client solicitation, falls within the conduct regulated by the ADTPA. We disagree.

Stoops undertook legal representation of the Prestons when Stoops was not authorized to practice law in Arkansas. Thus,

the unauthorized practice of law is at issue. The unauthorized practice of law falls within this court's constitutional authority to control and govern the practice of law. *See, e.g., Am. Abstract & Title Co. v. Rice*, 358 Ark. 1, 186 S.W.3d 705 (2004). The suggestion that the practice of law can be regulated by an act of the General Assembly is without merit. Oversight and control of the practice of law is under the exclusive authority of the judiciary. Under Ark. Const. amend. 28, "The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law." That responsibility could not be discharged if it were dependent upon or controlled by statutes enacted by the General Assembly. *See In re Supreme Court License Fees*, 251 Ark. 800, 483 S.W.2d 174 (1972). Further, any action by the General Assembly to control the practice of law would be a violation of the separation-of-powers doctrine. *See* Ark. Const. art. 4, §§ 1 & 2. We affirm the circuit court's finding that the ADTPA does not apply to the practice of law.

We finally consider Preston's argument that Arkansas should recognize a cause of action in contract for a breach of the contractual duty of good faith and fair dealing. Preston argues that the circuit court relied on *Country Corner Food & Drug, Inc. v. First State Bank*, 332 Ark. 645, 966 S.W.2d 894 (1998), in error because this court in that decision only rejected the argument that there was no cause of action for breach of the covenant of good faith and fair dealing sounding in tort. Preston argues that the issue now is whether the cause of action may be stated in contract. The following discussion in *Country Corner* is relevant to our analysis:

> The fact that every contract imposes an obligation to act in good faith does not create a cause of action for a violation of that obligation, and, as discussed above, this court has never recognized a cause of action for failure to act in good faith. Country Corner adduces no authority or argument for why this court should now recognize a new tort for failure to act in good faith or how such a recognition can be reconciled with our previous case law which only recognizes the tort of bad faith against insurance companies. Without a cogent reason supported by convincing authority for taking this step, we decline to recognize this new tort in Arkansas.

*Country Corner*, 332 Ark. 655-56, 966 S.W.2d at 899. In *Country Corner*, we stated that this court has never recognized a cause of action for failure to act in good faith. Preston is correct that this rejection of

the cause of action for breach of the covenant of good faith and fair dealing in *Country Corner* concerned a cause of action pled in tort. However, we need not reach Preston's issue of whether a cause of action could be stated in contract because Preston has pled the action in tort.

In the Second Amended Complaint, Preston alleges damages suffered as a proximate "result" of Stoops's action and that Stoops engaged in fraud and misrepresentation. These allegations all sound in tort. *See, e.g., Turner v. Stewart*, 330 Ark. 134, 952 S.W.2d 156 (1997) (proximate cause); *Bullock v. Barnes*, 366 Ark. 444, 236 S.W.3d 498 (2006) (fraud and misrepresentation). As Preston acknowledges, this court has expressly stated that there is no cause of action in tort for breach of the covenant of good faith and fair dealing. *Country Corner, supra.* Thus, we do not reach the issue of whether a cause of action for breach of the covenant of good faith and fair dealing may be stated in contract.

Affirmed.