468 B.R. 346 (2011)
In re Shawn Michael HUMES and Shirley Jean Humes, Debtors.
Shawn Michael Humes, Plaintiff
v.
LVNV Funding, L.L.C. Hosto, Buchan, Prater & Lawrence, P.L.L.C., Defendants.
Bankruptcy No. 3:10-bk-12140 E. Adversary No. 3:11-ap-01016.
United States Bankruptcy Court, E.D. Arkansas, Jonesboro Division.
December 20, 2011.
*349 Joel G. Hargis, Crawley & DeLoache, PLLC, Jonesboro, AR, Kathy Cruz, The *350 Cruz Law Firm, P.L.C., Hot Springs, AR, for Plaintiff.
William P. Dougherty, Attorney at Law, Little Rock, AR, for Defendants.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AUDREY R. EVANS, Bankruptcy Judge.
Now before the Court is the Defendants' Motion for Summary Judgment and/or for Judgment on the Pleadings ("Motion for Summary Judgment"). Shawn Michael Humes (the "Plaintiff") filed this adversary proceeding against LVNV Funding, L.L.C. ("LVNV"), and Hosto, Buchan, Prater & Lawrence, P.L.L.C. ("Hosto") (collectively, the "Defendants"). In an Amended Complaint, filed March 24, 2011, the Plaintiff asserts that the Defendants (1) violated the Fair Debt Collection Practices Act, codified at 15 U.S.C. §§ 1962, et seq. ("FDCPA"); (2) violated the Arkansas Fair Debt Collections Practices Act, codified at Ark.Code Ann. §§ 17-24-501, et seq. ("AFDCPA"); (3) violated the Arkansas Deceptive Trade Practices Act, codified at Ark.Code Ann. §§ 4-88-101, et seq. ("ADTPA"); (4) breached a contractual agreement between the parties; and (5) committed the torts of fraud and misrepresentation. Additionally, the Plaintiff requests that the Court disallow the claim filed by LVNV in the Plaintiff's bankruptcy case, Case No. 3:10-bk-12140, and that the Court avoid any lien the Defendants have against his property.
The Defendants filed this Motion for Summary Judgment alleging that there is no genuine issue of material fact present regarding the Plaintiff's causes of action, and requesting that the Court enter summary judgment in its favor. Additionally, the Defendants request that the Court dismiss the Plaintiff's causes of action for failure to state a claim on which relief can be granted.[1] The Court has reviewed all arguments and evidence submitted by the parties, and for the reasons stated herein, denies the Motion for Summary Judgement.
This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

SUMMARY JUDGMENT STANDARD
Rule 56 of the Federal Rules of Civil Procedure, as made applicable to these proceedings through Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists if the evidence presented is such that a reasonable jury could find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden is on the moving party to establish the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Burnette v. Dow Chemical Company, 849 F.2d 1269, 1273 (10th Cir.1988). The burden then shifts to the nonmoving party to go beyond its pleadings to show, through affirmative evidence, that there is a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rely on allegations or denials in its pleadings, but instead an affirmative showing of evidence is required. Anderson, 477 U.S. at 249-50, 106 S.Ct. 2505. "[T]his court is *351 required to view the facts in [the] light most favorable to the nonmoving party...." In re Gilder, 225 B.R. 439, 448 (Bankr.E.D.Mo.1998) (citation omitted). However, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir.1990).
Additionally, the Defendants request that the Court enter judgment on the pleadings, pursuant to Fed.R.Civ.P. 12, made applicable by Fed. R. Bankr.P. 7012, for the Plaintiff's failure to state a claim on which relief can be granted under Fed. R.Civ.P. 12(b)(6), and for the Plaintiff's failure to plead its claims of fraud or mistake with sufficient particularity under Fed.R.Civ.P. 9(b), made applicable by Fed. R. Bank. P. 7009. Fed.R.Civ.P. 9(b) states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 12(b)(6) provides that a case may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R. Civ. P. 12(b)(6). The Court reviews these motions in the light most favorable to the plaintiff, and looks for the Plaintiff to "nudge his claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir.2007).

UNDISPUTED FACTS
Based on the evidence submitted, the Court finds the following facts are not in dispute:
1. The Plaintiff incurred a debt with Citibank USA, N.A. ("Citi"), which was subsequently assigned to LVNV.
2. LVNV hired Hosto to collect on the debt. On September 12, 2008, Hosto filed a lawsuit against Plaintiff in the District Court of Lawrence County, Arkansas (Case No. CIV-08-215) (the "state court lawsuit").
3. On October 29, 2008, the complaint in the state court lawsuit was served on the Plaintiff. Attached to that complaint was an orange paper, which read:
You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer. When calling, please reference our file number, which is found on the top of Court papers.
Thank you for your cooperation.
This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.
4. The Plaintiff called the number on the orange paper and spoke with an employee of Hosto.
5. After receiving the orange paper and after speaking with the Hosto representative, the Debtor made the following payments: November 25, 2008 ($50.00); December 22, 2008 ($50.00); January 30, 2009 ($60.00); February 17, 2009 ($60.00); March 16, 2009 ($60.00); April 14, 2009 ($60.00); May 19, 2009 ($60.00); June 12, 2009 ($60.00); July 16, 2009 ($40.00); August 20, 2009 ($60.00); September 29, 2009 ($60.00); and November 10, 2009 ($60.00).
6. On January 20, 2009, Hosto obtained a default judgment in the state court lawsuit. The default judgment was in the amount of $2,962.83, consisting of $2,576.37 for principal and interest, and $386.46 for attorney fees. The default judgment did not award the Defendants their costs for the filing fee or process server fee.
*352 7. On March 12, 2010, Hosto obtained a Writ of Garnishment against Plaintiff's bank account, which caused a hold to be placed on the funds in that account.
8. On March 26, 2010, the Plaintiff filed a Chapter 13 bankruptcy, Case No. 3: 10-bk12140.
9. The Plaintiff filed this adversary proceeding against LVNV and Hosto on January 28, 2011.

OVERVIEW
Each of the Plaintiff's causes of action stems from the events he contends took place after he received the orange paper with the complaint and summons for the state court lawsuit. As set out in the facts above, the orange paper informed the Plaintiff that: "You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer." The Plaintiff asserts that after he read this message, he called the number on that paper and spoke with a representative of Hosto, and during that conversation he was informed that if he entered into a payment agreement, the lawsuit would "go away." At that point, the Plaintiff began making monthly payments and continued to do so for a period of 12 months.
The Defendants deny that they made an agreement not to pursue a judgment in the state court lawsuit. When the Plaintiff did not file an answer in the lawsuit, the Defendants obtained a default judgment against him. This default judgment was entered between the time the Plaintiff made the second and third monthly payment. The Plaintiff continued to make the monthly payments for approximately 10 months after the Defendants obtained the default judgment, for a total of 12 payments. Then, more than a year after the default judgment was entered, the Defendants obtained a writ of garnishment against the Plaintiff's bank account.
The Plaintiff asserts that the Defendants entered into an agreement with him not to pursue the state court lawsuit in exchange for his agreement to make payments on the debt, and that Defendants breached that agreement by obtaining a default judgment against him. The Plaintiff argues that if he had known that a default judgment was going to be entered in the state court lawsuit, he would have sought counsel to file an answer, but that the Defendants' actions deprived him of that opportunity. The Defendants deny that the Plaintiff was ever told that the state court lawsuit would "go away," and claim that even if such a representation was made, the Plaintiff has no cause of action against them.

DISCUSSION
The Plaintiff's Complaint sets forth causes of action based on alleged violations of multiple statutory provisions (the FDCPA, AFDCPA, and ADTPA), and also asserts liability against the Defendants for breach of contract, and the torts of fraud and misrepresentation. Additionally, the Plaintiff objects to LVNV's proof of claim, and requests that the Court avoid any judgment liens the Defendants have obtained against his property.[2] In this Motion for Summary Judgment, the Defendant requests that the Court dismiss several of the causes of action for failure to state a claim, and in other instances, that the Court grant the summary judgment in favor of the Defendants as a matter *353 of law. The Court addresses each of these arguments separately below.[3]

I. Fair Debt Collection Practices Act[4]
The FDCPA protects consumers from "abusive debt collection practices." 15 U.S.C. § 1692(e). Under the FDCPA, a debt collector is subject to civil liability for engaging in any prohibited collection activities. See Morrison v. Hosto, Buchan, Prater & Lawrence, 2009 WL 3010917, *3 (E.D.Ark.2009). Actions prohibited by the FDCPA include (1) harassing, oppressive or abusive conduct (15 U.S.C. § 1692d); (2) false, deceptive or misleading representations (15 U.S.C. § 1692e); and (3) unfair or unconscionable collection practices (15 U.S.C. § 1692f). Each of the statutory provisions contains a non-exhaustive list of conduct that would constitute a violation of that provision, and a single deed can violate more than one provision. See Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir.1994). In evaluating whether the conduct constituted a violation, the Court views that conduct through the eyes of the "unsophisticated consumer." Morrison, 2009 WL 3010917, *3 (E.D.Ark.2009).
In this case, the Plaintiff has alleged four different violations of the FDCPA. Three of those violations are based on the same set of facts. That is, the Plaintiff claims that the Defendants made representations to him, and entered into a repayment agreement with him, in order to prevent or deter him from seeking counsel and filing an answer in the state court lawsuit. The Plaintiff claims that these acts constitute violations of the FDCPA's protections against abusive conduct (15 U.S.C. § 1692d); misleading representations (15 U.S.C. § 1692e); and unfair collection practices (15 U.S.C. § 1692f). The Plaintiff also claims that the Defendant failed to take into account the two payments made by the Plaintiff between the date the state court lawsuit was filed and the date that the default judgment was obtained. The Plaintiff claims that this violated the specific FDCPA provision that prohibits the use of misleading representations concerning the amount of a debt (15 U.S.C. § 1692e(2)(A)). The Court reviews the Motion for Summary Judgment with regard to each of these claims below.

A. Violations Based on the Telephone Conversation and Repayment Agreement

The Plaintiff states that he received an orange paper with the complaint and summons in a state court lawsuit. That orange paper informed the Plaintiff that *354 calling a number listed on the paper "may avoid the necessity of [him] appearing in Court or filing an Answer." The Plaintiff asserts, through his affidavit, that he called the number on the orange paper and spoke with a Hosto representative. During that telephone call, the Plaintiff claims that he was informed that if he entered into a repayment agreement the lawsuit would "go away." During a deposition, the transcript of which was submitted by the Plaintiff as support for his Response, the Plaintiff explained that he understood this language to mean "that I wouldn'tif I made the payment, I wouldn't have to go to court or hire an attorney or worry about, you know, filing an Answer." The Plaintiff states that for those reasons he agreed to a repayment agreement, refrained from obtaining counsel to represent him, and began making payments on a monthly basis. The Plaintiff made 12 payments starting in November of 2008.[5] Nonetheless, on January 20, 2009, after the Plaintiff made the first two monthly payments, the Defendants obtained a default judgment in the state court lawsuit. Then, in March of 2010, after the Plaintiff stopped making the monthly payments, the Defendant executed a garnishment against the Plaintiff's bank account. Based on these facts, the Plaintiff asserts that the Defendants are liable for violations of the provisions of the FDCPA concerning abusive conduct (15 U.S.C. § 1692d); misleading representations (15 U.S.C. § 1692e); and unfair collection practices (15 U.S.C. § 1692f).
The Defendants contend that the Court should grant summary judgment in their favor because the language on the orange paper does not violate the FDCPA. See Born v. Hosto, 2010 Ark. 292 (Ark. 2010); Morrison v. Hosto, Buchan, Prater & Lawrence, 2009 WL 3010917, *3 (E.D.Ark.2009). In Morrison, Chief Judge Leon Holmes reviewed a claim under the FDCPA based on the exact language that was used in the orange paper in this case"[t]his may avoid the necessity of you appearing in Court or filing and Answer." The court determined that the language on the orange paper did not violate the FDCPA because there was no evidence that the statements were false. However, Chief Judge Holmes specifically noted that in the Morrison case there was "no allegation that Hosto ever lulled a debtor into not filing an answer and then moved for a default judgment." Those exact allegations are made by the Plaintiff in this case. In his affidavit, the Plaintiff states that "after I began making payments, [Hosto] double crossed me by obtaining a judgment when they told me that the case against me would go away." While it is clear from the holdings in Morrison that the language in the orange paper itself does not violate the FDCPA, there are additional facts present in this case to support the Plaintiff's claims that the statements were intended to "lull" him into not filing an answer. As such, the findings set out in Morrison do not operate as a bar to the Plaintiff's FDCPA claims; the Plaintiff has pled a legal cause of action under the FDCPA.
The only remaining question is whether the allegations made by the Plaintiff in the Complaint are sufficiently supported by evidence to withstand the Defendants' Motion for Summary Judgment. The factual issues in dispute are whether the Defendants told the Plaintiff that by *355 entering into a repayment agreement the state court lawsuit would "go away," and whether the Plaintiff and Defendants actually entered into a repayment agreement. The Plaintiff attached the orange paper as an exhibit to the Complaint, and there is no dispute that soon after receiving the orange paper, the Plaintiff called Hosto. There is also no dispute that around that time the Plaintiff began making payments to the Defendants in the amount of $50, and then subsequently $60 per month. Specifically, the Plaintiff received the orange paper with the state court complaint and summons on October 29, 2008. The Defendants state through their supporting affidavits that the Plaintiff made a phone call to Hosto on October 30, 2008, and the Plaintiff began making payments to the Defendants on November 25, 2008, and continued to make those payments until November of 2009. Meanwhile, the Defendants obtained the default judgment in the state court lawsuit on January 20, 2009. The Court finds that when this evidence is viewed as a whole, along with the language on the orange paper, the Plaintiff's statements about the content of the telephone conversation, and the subsequent payments made to the Defendants, there is sufficient evidence that a reasonable finder of fact could find for the Plaintiff as a matter of law on both of these issues. As a result, the Defendants' Motion for Summary Judgment with regard to the Plaintiff's FDCPA claims for abusive conduct (15 U.S.C. § 1692d), misleading representations (15 U.S.C. § 1692e), and unfair collection practices (15 U.S.C. § 1692f) is denied. The Court now turns to the Motion for Summary Judgment on the Plaintiff's FDCPA claim specifically concerning the misrepresentation about the amount of the debt under 15 U.S.C. § 1692e(2)(A).

B. Violation based on Misrepresentation of the Amount of the Debt

In addition to the claim of a misleading representation described above, the Plaintiff also makes a claim of misrepresentation specifically under 15 U.S.C. § 1692e(2)(A). That provision states that it is a violation of the FDCPA to falsely represent the amount of any debt in connection with collection activity. 15 U.S.C. § 1692e(2)(A). The Plaintiff claims that the Defendants violated this provision because the amount stated in the default judgment did not take into account the two $50 payments made after the complaint was filed, but before the default judgment was obtained. The Plaintiff supports this assertion by pointing out that the amount of the debt in the state court complaint is the same as the amount of the debt in the default judgment, even though two payments of $50 were made between those two filings. However, an affidavit submitted by Hosto's Chief Financial Officer, Colleen Martin, explains that the two $50 payments were applied to the filing and service of process fees incurred in filing the state court lawsuit. Hosto represents through its affidavits that each of those fees was $50. These assertions are further supported by the fact that the Defendants were not awarded those costs in the default judgment, which specifically granted the Defendants $0 for those costs. The Plaintiff has not provided any evidence to controvert the Defendants' representations that the first two $50 payments were allocated to the Defendants' court fees. However, the Plaintiff made a total of 12 payments on the account after the filing of the state court lawsuit, and the Plaintiff raised concerns as to the proper application of those payments in its Objection to Proof of Claim, as is further discussed in subsection IV of this Order. Although the Defendants have provided proof of the application of the two initial $50 payments, the *356 application of the other 10 monthly payments, and the other amounts the Defendants claim they are owed on this debt remain in question. Therefore, the Court finds that there are facts in issue with regard to whether the Defendants violated 15 U.S.C. § 1692e(2)(A), and denies the Defendants' Motion for Summary Judgment on that claim.

C. FDCPA Statute of Limitations

The Defendants claim that the Court should dismiss the Plaintiff's claims brought under the FDCPA because the statute of limitations has expired. Claims resulting from violations of the FDCPA are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). In this case, the only event taking place within one year of the filing of this action was the garnishment executed against the Plaintiff's bank account in March of 2010. All other activitiesthe filing of the complaint, the orange paper, the phone call, and the entry of defaulttook place more than one year prior to filing of the case.
The Defendant argues that the statute of limitations had expired because the statute begins to run from the violator's last opportunity to avoid violating the statute. Mattson v. U.S. West Communications, et al., 967 F.2d 259 (8th Cir.1992). The Defendants argue that the last opportunity to avoid violating the statute was the telephone call during which the Plaintiff claims representations were made that the lawsuit would "go away." However, the statement that the lawsuit would "go away" standing alone does not clearly violate the FDCPA. If the Defendants had not pursued the lawsuit after that point, the Plaintiff could not allege that the statement was a misleading representation in violation of the FDCPA. Instead, it is the Defendants subsequent act of obtaining the default judgment that would make the representation misleading. Thus, the Defendants' "last opportunity to avoid" violating the statute was the point in time when the default judgment was entered.
If the Defendants' "last opportunity to avoid" violating the FDCPA was January 20, 2009, when the default judgment was entered, then this adversary proceeding, which was filed on January 28, 2011, was well beyond the FDCPA's one-year limitations period. However, the discovery rule "postpones a claim's accrual until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury." Executive Air Taxi Corp. v. City of Bismarck, N.D., 518 F.3d 562, 570 (8th Cir.2008). Where a statute is silent on the issue of the discovery rule, the general rule is that the discovery rule applies. See Greenfield v. Kluever and Platt, L.L.C., 2010 WL 604830, *1-2 (N.D.Ill. 2010). The Plaintiff states in the Complaint, and in his supporting affidavit, that he was never notified of the default judgment being obtained against him, and that he only became aware of the default judgment (i.e., that the lawsuit did not "go away") when Hosto executed a garnishment against his bank account in March of 2010. The Plaintiff's factual assertions are sufficient that a reasonable finder of fact could determine that the Plaintiff lacked knowledge about the alleged wrongful conduct. Therefore, there are genuine issues of material fact as to when the Plaintiff reasonably should have known of the FDCPA violations, and the Defendants' request for summary judgment on the basis of the statute of limitations is denied.

II. Arkansas Deceptive Trade

*357 Practices Act[6]
In the Complaint the Plaintiff alleges a cause of action under the ADTPA. Specifically, the Plaintiff alleges that LVNV violated Ark.Code Ann. § 4-88-107(a)(10), which prohibits "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade[.]" In the Motion for Summary Judgment, LVNV makes two arguments that the Plaintiff's claim should be dismissed. LVNV argues that the Plaintiff has failed to state a claim upon which relief can be granted because the Plaintiff has failed to plead the claim with sufficient particularity to meet the requirement of Fed.R.Civ.P. 9(b), and more specifically, that the Plaintiff has failed to establish any proof of damages. Additionally, LVNV argues that Arkansas law exempts its actions from liability under the ADTPA. Each of these arguments is discussed below.
LVNV argues that the Plaintiff has failed to state a claim upon which relief can be granted because the Plaintiff did not plead its ADTPA claim with sufficient particularity under Fed.R.Civ.P. 9(b). This rule requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Plaintiff alleges that the orange paper he received was attached to the summons and complaint served on him in the state court lawsuit. The Plaintiff states that the statements made on the orange paper led him to believe that if he called the number on that paper he would be able to "avoid the necessity of ... appearing in Court or filing and Answer." The Plaintiff asserts that based on this information, he called the number on the orange paper. The Plaintiff alleges that during the telephone conversation he was advised that if he entered into a repayment agreement with the Defendants, the lawsuit would "go away." The Plaintiff states through his complaint that
In lieu of filing an answer to the complaint and exercising his right to defend the Defendant's complaint in a Court of law as advised by the orange piece of paper/solicitation, Plaintiff verbally agreed to pay [sic] amount, upon the Plaintiff's best recollection, to be an amount around $60.00 per month, until the alleged debt to LVNV was paid in full.
The Plaintiff asserts that he began making payments based on this agreement, but that despite his payments pursuant to the agreement, the Defendants obtained a default judgment in the state court lawsuit. Finally, the Plaintiff alleges that he suffered actual damages as a result of these actions through
the inclusion of a judgment on his credit report, by incurring attorney's fees and costs in prosecution of this action, by suffering the anxiety and fear associated with the inability to gain access to funds needed to support his family, and the suffering [sic] the immeasurable loss of his right to defend that action brought against him, among other things known and unknown.
The Court finds these assertions sufficient to state a claim under the ADTPA in compliance with the pleading requirements of the Federal Rules of Civil Procedure. The Plaintiff has sufficiently stated a claim under the ADTPA.
LVNV also argues that as a matter of law, it is exempt from liability for this cause of action because the actions taken by Hosto were performed in their capacity as LVNV's attorneys. The law is *358 settled that the ADTPA does not apply to the practice of law. See Preston v. Stoops, 373 Ark. 591, 594, 285 S.W.3d 606, 609 (Ark.2008) ("We affirm the circuit court's finding that the ADTPA does not apply to the practice of law."). Thus, LVNV argues that because the alleged violations were conducted by its attorneys in the practice of law, it too is shielded from liability. The Court finds that such a determination would not be consistent with the Arkansas Supreme Court's holding in Preston.
In Preston, an attorney had agreed to represent a client in a medical malpractice lawsuit in Arkansas. That medical malpractice lawsuit was dismissed with prejudice because the attorney was not licensed to practice law in Arkansas. Subsequently, the client sued the attorney for, among other things, violating the provisions of the ADTPA. The Arkansas Supreme Court dismissed the client's claim against the attorney because it found that the ADTPA did not apply to the practice of law. The basis for this holding was that the Arkansas General Assembly did not have the authority to create a law that would control the practice of law. Preston v. Stoops, 373 Ark. at 594, 285 S.W.3d 606("The suggestion that the practice of law can be regulated by an Act of the General Assembly is without merit. Oversight and control of the practice of law is under the exclusive authority of the judiciary."). However, that same protective rationale does not apply to LVNV; it is a separate entity apart from Hosto, and Preston does not shield LVNV from the Plaintiff's cause of action under the ADTPA. As a result of these findings, the Motion for Summary Judgment on the Plaintiff's ADTPA cause of action is denied.

III. Breach of Contract
In the Complaint, the Plaintiff alleges that LVNV breached its contractual agreement with the Plaintiff by obtaining a default judgment in the state court lawsuit. The factual basis for this cause of action is that at the time of the lawsuit the Plaintiff's only contractual agreement to pay the debt was with Citi. The Plaintiff claims that a new contract between the Plaintiff and LVNV was created through novation when the Plaintiff called the number on the orange paper and agreed to make payments in exchange for LVNV's agreement not to pursue the state court lawsuit. The Plaintiff claims that the agreement contained provisions requiring that the lawsuit would "go away," and that LVNV breached that agreement when it obtained the default judgment.
The Court does not find any support for the Plaintiff's contention that a new agreement was formed with LVNV through novation.[7] LVNV became the obligee *359 on the debt through an assignment of that debt, and was legally owed the debt at the time it filed the state court lawsuit. However, the determination that LVNV was rightfully owed the debt does not bring the breach of contract inquiry to an end. The facts alleged by the Plaintiff are that the terms of the contractual obligation, whether owed to Citi or LVNV, were altered by the substance of the Plaintiff's telephone conversation with Hosto. The Plaintiff alleges that he was told that if he entered into an agreement to make payments he would not need to file an answer in the state court lawsuit, and the evidence provided by both parties shows that he did start making those payments, and continued to do so for approximately one year. The Plaintiff contends, therefore, that by filing the default judgment, the Defendants breached their contractual obligation.
The Defendants argue that there was no agreement prohibiting them from filing the default judgment. The Defendants assert that even if the representations regarding the agreement were made to the Plaintiff, the contract itself would prevent that oral modification of the agreement from being valid. The contractual agreement specifically authorizes the Defendants to enforce their right to repayment under the contract by pursuing a lawsuit against the Plaintiff. Additionally, the contract states that "[a]ny waiver of rights by us must be in writing and signed by one of our authorized representatives." The Defendants argue that because no writing exists, the Plaintiff's argument that the Defendants agreed to waive their right to pursue the state court lawsuit is invalid, and no cause of action for breach of contract exists. However, under South Dakota law,[8] a written contract can be modified verbally, even if that contract contains a provision stating that modifications can only be made in writing. D.M. Osborne & Co. v. Stringham, 4 S.D. 593, 57 N.W. 776, 778 (1894). See also Peck v. Stafford Flour Mills Co., 289 F. 43, 45 (8th Cir. 1923) ("[I]t is well settled that a contract in writing may be varied by an oral agreement, even though the contract provides that no change or modification thereof can be made except in writing signed by the parties.") (citations omitted). As such, the Court finds that there is a genuine issue of material fact as to whether the parties agreed to alter the terms of their contract, and whether the Defendants breached that contract by filing the default judgment. Therefore, the ultimate determination of these issues is reserved for trial, and the Motion for Summary Judgment on the Plaintiff's breach of contract claim is denied.

IV. Objection to Proof of Claim
The Complaint includes an objection to LVNV's proof of claim filed in the Plaintiff's bankruptcy case, Case No. 3:10-bk-12140. The Plaintiff objects to LVNV's *360 proof of claim because it is based on the Plaintiff's contractual agreement with Citi, not on the agreement as altered (according to the arguments in Section III of this Order) by the Plaintiff's dealings with LVNV. The Court has determined that there are genuine issues of material fact on the Plaintiff's breach of contract cause of action. The arguments made by the Plaintiff in his objection to LVNV's proof of claim are directly related to, and contingent on the outcome of, those issues. In addition, the Plaintiff notes in a footnote in the Complaint that when the amount stated in the default judgment is compared with the amount of LVNV's proof of claim, it appears that the proof of claim amount is inaccurate. Therefore, the Court is unable to make a determination on the Plaintiff's objection to LVNV's proof of claim without a trial to resolve those factual issues, and as a result, the Defendants' request for summary judgment on this matter is denied.

V. Fraud and Misrepresentation
The Plaintiff's Complaint contains a cause of action against the Defendants for the torts of fraud and misrepresentation. The Defendants claim in the Motion for Summary Judgment that the Plaintiff has failed to sufficiently plead this claim in compliance with Fed.R.Civ.P. 9(b). The Court reviewed a similar argument with regard to the Plaintiff's ADTPA cause of action in Section II of this Order, and finds that the same factual assertions described in that analysis also satisfy the pleading requirements for the Plaintiff's cause of action for fraud.
"To establish fraud, a plaintiff must show: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." Fleming v. Cox Law Firm, 363 Ark. 17, 21, 210 S.W.3d 866, 868-69 (Ark.2005) (citing Knight v. Day, 343 Ark. 402, 36 S.W.3d 300 (2001)). The Plaintiff has asserted facts sufficient to satisfy these elements. The Plaintiff asserts that the Defendants made a false representation of a material fact by telling him that if he entered into a repayment agreement the lawsuit would "go away." The Plaintiff asserts that the Defendants knew that this representation was false because after receiving two payments from the Plaintiff, they continued to pursue the state court lawsuit by obtaining a default judgment. These same assertions are sufficient to support the Plaintiff's allegation that the Defendants made these statements with an intent to deter the Plaintiff from responding to the state court lawsuit, and the Plaintiff asserts that he relied on the representations in electing not to respond to the state court lawsuit. Finally, the allegations in the Plaintiff's Complaint regarding the damages suffered as a result of the Defendants' acts are sufficient to support this cause of action. The factual assertions made by the Plaintiff in the Complaint are more than conclusory allegations and are sufficient to satisfy the pleading requirements for this claim. The Court finds that the Plaintiff has sufficiently plead a cause of action for the torts of fraud and misrepresentation.
Furthermore, as previously discussed, there are genuine issues of material fact as to whether the Plaintiff was told that by entering into a repayment agreement the state court lawsuit would "go away," and whether or not the Plaintiff and Defendants did actually enter into a repayment agreement on that basis. These issues are directly related to whether the Defendants are liable to the Plaintiff *361 for the torts of fraud and misrepresentation. Therefore, the Court finds that there are genuine issues of material fact that cannot be resolved without a trial, and the Motion for Summary Judgment as to the tort causes of action for fraud and misrepresentation is denied.

CONCLUSION
For the reasons stated herein, the Defendants' Motion for Summary Judgment is DENIED.
IT IS SO ORDERED.
NOTES
[1] Any argument by the Defendants for failure to state a claim that relied on matters outside of the pleadings were treated as requests for summary judgment. Fed.R.Civ.P. 12(d).
[2] The Plaintiff's request that the Court avoid the Defendants' liens was not addressed in the Motion for Summary Judgment, and therefore, that cause of action is unaffected by this ruling.
[3] The Plaintiff's Response to the Motion for Summary Judgment includes several arguments that lack merit as a basis for denying this Motion for Summary Judgment. The Plaintiff contends that summary judgment is not appropriate because the Defendants' arguments are stated in a brief, as opposed to being itemized in the motion. This argument lacks merit because the Defendants' Motion for Summary Judgment states that the allegations in its brief are incorporated into the motion. Second, the Plaintiff contends that summary judgment should be denied because the default judgment entered against the Plaintiff was void for lack of proper service. The Plaintiff has not amended its Complaint to reflect this allegation, and thus, it provides no basis for denying the Motion for Summary Judgment. Finally, the Plaintiff alleges that the Defendants have admitted to allowing their staff to practice law without a license. It appears that the Plaintiff is asserting that the Defendants have violated the Rules of Professional Conduct. The Court finds these arguments without merit as a basis for denying this Motion for Summary Judgment.
[4] For all purposes relevant to the determination of this matter, the provisions of the FDCPA and the AFDCPA are identical. Thus, the Court's rulings on the Motion for Summary Judgment with regard to the Plaintiff's FDCPA claims apply equally to the Plaintiff's corollary AFDCPA claims.
[5] The Court notes that although the last payment was made on November 10, 2009, that payment would have been applied to the October 2009 amount, as no payment had been made during October. All other payments were made within the months in which they came due under the agreement described by the Plaintiff.
[6] The Plaintiff filed this cause of action solely against LVNV, not against Hosto.
[7] "Novation is the substitution by mutual agreement of one debtor or of one creditor for another, whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one, which is thereby extinguished." Barton v. Perryman, 265 Ark. 228, 231-32, 577 S.W.2d 596, 599 (Ark.1979). However, not all instances of a substituted party result in novation. See Restatement (Second) Contracts § 280(e) (1981). "Obligees may also be substituted by assignment of a right, which differs from novation in that assignment requires neither the knowledge nor the assent of the obligor and cannot change the performance to be rendered by him." Id. The Plaintiff cites the case of Barton v. Perryman, 265 Ark. 228, 577 S.W.2d 596 (Ark.1979) as authority for its position that a new agreement was created through novation. In Barton, the obligor assigned its rights to a new party. Although the transaction was completed through an assignment, the court determined that the substitution of the new party was a novation. However, the reason the court gave for finding that the transaction was a novation, as opposed to an assignment, was that the repayment agreement prohibited assignment without first obtaining the consent of the obligee. In Perryman, the obligee was required to give his consent in order for the assignment to occur, and had not done so, and as a result the court deemed the transaction a novation. In this case, however, the contractual agreement the Plaintiff signed with Citi specifically stated that the account could be assigned without notice to the Plaintiff. LVNV was substituted into the agreement for Citi through an assignment, and LVNV attached a copy of that assignment to the Motion for Summary Judgment. Because the Plaintiff's consent to the assignment was not required for LVNV to become an obligee of this debt, the substitution of LVNV for Citi was not a novation.
[8] The Defendants assert in their brief in support of the Motion for Summary Judgment that by the terms of the contractual agreement, the applicable law governing the agreement is South Dakota law. The Plaintiff did not dispute this contention in his Response.