SLIP OPINION     Cite as 2017 Ark. App. 327

# ARKANSAS COURT OF APPEALS



DIVISION IV
No. CV-16-1031

| | |
|---|---|
| PATRICIA DERRICK<br>                    APPELLANT<br><br>V.<br><br>RUTH ELLEN HAYNIE,<br>INDIVIDUALLY; THE RUTH ELLEN<br>HAYNIE REVOCABLE TRUST; AND<br>RUTH ELLEN HAYNIE, TRUSTEE OF<br>THE RUTH ELLEN HAYNIE<br>REVOCABLE TRUST<br>                    APPELLEES | **Opinion Delivered:** May 24, 2017<br><br>APPEAL FROM THE WHITE<br>COUNTY CIRCUIT COURT<br>[NO. 73CV-15-58]<br><br>HONORABLE THOMAS HUGHES,<br>JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

This case concerns the authority of a landlord to sell a tenant's property after the termination of their lease. Appellant, Patricia Derrick, appeals from an order of the White County Circuit Court granting her former landlord's motion for summary judgment and dismissing appellant's complaint. In her complaint, appellant asked the court for the return of her property or damages to compensate her for the value of property that had been sold by appellee Ruth Ellen Haynie.[1] We affirm the circuit court's order.

A circuit court may grant summary judgment only when it is clear that there are no genuine issues of material fact to be litigated and that the party is entitled to judgment as a

---

[1]The appellees in this case are Ruth Ellen Haynie, individually; the Ruth Ellen Haynie Revocable Trust; and Ruth Ellen Haynie, as Trustee of the Ruth Ellen Haynie Revocable Trust. The parties refer to the appellee in the singular as Ruth Ellen Haynie.

matter of law. *Mitchell v. Lincoln*, 366 Ark. 592, 596, 237 S.W.3d 455, 458 (2006). Once the moving party has established a prima facie case showing entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id*. at 597, 237 S.W.3d at 458. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id*. Ordinarily, we view the evidence in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the moving party. *Aloha Pools & Spas, Inc. v. Employer's Ins. of Wausau*, 342 Ark. 398, 403, 39 S.W.3d 440, 443 (2000). However, in a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Lopez v. United Auto. Ins. Co.*, 2013 Ark. App. 246, at 5, 427 S.W.3d 154, 157. As to issues of law presented, our review is de novo. *Preston v. Stoops*, 373 Ark. 591, 593, 285 S.W.3d 606, 609 (2008).

The parties do not dispute most of the relevant facts. Pursuant to an oral agreement entered into in November 2011, appellant rented an office building in Beebe from appellee on a month-to-month tenancy in which appellant operated an online antique-sales business and kept inventory. On October 29, 2014, appellant was personally served at her home with a "Notice of Termination of Month to Month Tenancy" (the Notice). The Notice was signed by appellee's attorney, indicated that the attorney represented appellee, and stated the following:

> Please understand that the tenancy from month to month on the referenced property that you rent from Ruth Haynie ends December 1, 2014. You must vacate the

referenced property no later than December 1, 2014, removing all items of personal property that belong to you located within the structure on said property no later than December 1, 2014.

Depositions of both parties were attached to appellee's motion for summary judgment. Appellant admitted in her deposition that she received the Notice at her home on October 29, 2014, and that, after having received the Notice, she told her son about it. Appellant testified that she was not feeling well during November. She did not remove any property from the building.

Appellee testified in her deposition that she had attempted to contact appellant by letter and by phone and had left numerous messages in September and October to resolve certain insurance issues but that appellant had never responded. Being unable to reach appellant, appellee sent the Notice. Appellee testified that, after appellant had failed to remove her property, the owner of a flea market across the street from the office building made a $1200 offer for all of the inventory, which appellee did not accept. Appellee said that she then sold the inventory to the subsequent tenant for $3000 in early December, sometime between December 3 and December 10.

On February 12, 2015, appellant filed a complaint against appellee asking the court to issue a writ of possession for her property to be returned or, in the event it could not be returned, for a judgment of $261,000 in damages for conversion. Appellee filed a motion for summary judgment, attaching the depositions and arguing that she was entitled to judgment as a matter of law pursuant to Ark. Code Ann. § 18-16-108, which governs property left on premises after the termination of a lease. The court held a hearing and granted appellee's

motion, finding that the lease had been terminated, appellant's property had been left on the leased premises after termination, and the statute provides that such property is considered abandoned and authorizes the lessor to dispose of it without recourse by the lessee.

On appeal, appellant argues that the circuit court erred in granting appellee's motion because there are genuine issues of material fact regarding whether the Notice was appropriate and whether property was "left." We turn first to her contention that there are genuine issues of fact regarding the Notice. The only evidence in the case demonstrated that the lease was a month-to-month tenancy. Appellee testified that the rent was usually paid "around the 10th of the month." Appellee also testified that she sent a letter to appellant on September 17, 2014, saying that she wanted her "out" and that appellant was "paid up until October 10th." Although appellant argues that she paid rent for November, she produced no evidence to show that she had paid and that appellee had accepted any rent for days past October. Appellant admitted that she received the Notice on October 29, 2014, stating that she was to vacate the premises and remove all of her property by December 1, 2014. Thus, the lease was terminated, at the latest, by December 1, 2014. Appellant produced no evidence to prove otherwise. Once the moving party makes a prima facie showing of entitlement, the opposing party may not rest on mere allegations or denials, but must "meet proof with proof" and set forth specific facts showing that there is a genuine issue for trial. *Entmeier v. City of Fort Smith*, 2016 Ark. App. 517, at 8, 506 S.W.3d 253, 258. Thus, there was no genuine issue of material fact regarding the propriety of the notice given.

Appellant also argues that there was a genuine issue of material fact regarding whether

her property had been "abandoned." She cites caselaw regarding the definitions of "lost property," "mislaid property," and "abandoned property." *See, e.g.*, *Terry v. A.D. Lock*, 343 Ark. 452, 37 S.W.3d 202 (2001). None of the cases appellant cites are relevant to the facts of this case. Here, a specific statute governs the situation and provides that "[u]pon the voluntary or involuntary termination of any lease agreement, all property left in and about the premises by the lessee shall be considered abandoned and may be disposed of by the lessor as the lessor shall see fit without recourse by the lessee." Ark. Code Ann. § 18-16-108(a) (Repl. 2015). The statute dictates that the property left on the leased premises at the termination of a lease agreement "shall be considered abandoned." There is no question of fact to determine. Appellant's property was left in the leased premises and was therefore "abandoned." Appellee was free to dispose of it as she saw fit without recourse by appellant.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Robert Hudgins*, for appellant.

*Lody & Arnold, Attorneys at Law, P.A.*, by: *Wesley G. Lody*, for appellee.