Josephine Linker Hart, Justice, dissenting. While I recognize that this court’s assertion of its authority and obligation to control the practice of law that is founded in our state constitution, I do not subscribe to the proposition that the facts of this case support the application of that authority. Recognizing the absolute truth that the power to tax is the power to destroy, I confess my concern that a corporate taxpayer must hire an attorney to appear before a county court presided over by a nonattorney county judge to contest the accuracy of the ad valorem tax assessment placed on its property by the tax assessor, a county official. This requirement to hire a lawyer gives the county assessor a great advantage and serves as a bar to the less financially affluent corporation’s ability to access the procedures for equalization of the tax assessment. This is a denial of the taxpayer’s right of access to the tax-equalization process. Access of any taxpayer to the equalization process is provided in Arkansas Code Annotated section 26—27—318(a)(1), which states in part that “ any property owner who may [ufeel aggrieved at the actions of the County Equalization Board may appeal from the action of the County Equalization Board to the county court by filing a petition of appeal with the clerk of the county court.” Based on this statute, an appeal by any property owner is clearly authorized. The question presented here is where in the appeal process can the legislature or this court require any entity other than an individual to hire a licensed attorney to pursue its claim that the county’s tax assessment on its property is unequal or greater than the assessment on taxpayers owning similar or like property. The prohibition against corporations and other entities appearing by their officers or employees is codified by our legislature and is deeply rooted in our jurisprudence. Both the legislature and the courts put stringent prohibitions on corporations who are required or who desire to access judicial forums. Ark. Code Ann. § 16-22-211 (Repl. 1999). “It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney at law for any person in any court in this state or before any judicial body.” Ark. Code Ann. § 16-22-211(a). As noted by the majority, the constitution in 1938 granted the supreme court the authority to make rules regulating the practice of law. As recent as 2008, this court in Preston v. Stoops, 373 Ark. 591, 594, 285 S.W.3d 606, 609, opined that “control of lawyers is in the exclusive control of this court.” This court’s authority to control the practice of law is well established, even so, the authority of this court has its limits. In my view, before the court identifies an act as a practice of law, it must first determine whether the forum in which the act occurred was in fact a judicial forum. To clarify, the factual basis for this appeal commenced when the Faulkner County Tax |1flAssessor assessed personal property located in Faulkner County and owned by DeSoto Gathering, an LLC. DeSoto Gathering disagreed with the valuation and subsequent ad valorem tax assessment. .A nonlawyer employee of De-Soto Gathering, Murray Williams, filed oh DeSoto’s behalf a petition to appeal the assessment to the Faulkner County Equalization Board. Following an adverse decision by that board, the employee sought an appeal to the county court and filed with the county court clerk a petition for appeal. It is the filing of this petition with the county clerk seeking an appeal to the county court that is the gravamen of this controversy. After De-Soto’s employee filed the petition to appeal, an attorney hired by DeSoto filed an amended petition with the county clerk. Thereafter, the county judge rendered his decision affirming the equalization board’s decision. The attorney for DeSoto sought an appeal of the county judge’s decision in circuit court. The only guidance provided to a taxpayer in this appeal process is found in section 26-27-318 and Arkansas District Court Rule 9. As previously noted, that statute allows a property owner who feels aggrieved at the action of the county equalization board an appeal to the county court. Additionally, on appeal, any property owner must appeal to the equalization board before filing a petition to appeal to the county court; further, the statute provides that upon an appeal, any property owner in the county may appear and be heard in support of, or in opposition to, the appeal. Id. Also, the statute establishes that the county court shall have no jurisdiction to hear the appeal unless the county clerk shall have first given notice of the appeal by publication by inserting not less than one week prior to the date fixed for the hearing of the appeal in a daily |inor weekly newspaper published and having a bona fide general circulation in the county or in any county in which no daily or weekly newspaper is published, by posting a notice at the courthouse and in four other conspicuous places in the county seat of the county for a period of not less than one week before the date fixed for the hearing of the appeal. Id. This public notice giving property owners an opportunity to impact the equalization process removes' any doubt that the hearing to be held at the county court falls far short of being a judicial proceeding but does establish the requirement to qualify a public forum. The very fact that a public notice is required before the county court can address an issue of equalization of taxes also supports a finding that this hearing is a public fórüm, That being so, an appearance by a corporate taxpayer need not be preceeded by hiring a lawyer to facilitate the hearing by filing a notice of appeal or the taxpayer’s appearance at that hearing. There is nothing in section 26-27-318 that puts a corporate taxpayer on notice that an appeal of the equalization board’s decision to the county court was not available to it unless it hired an attorney to make the claim. However, the law is clear that a taxpayer must exhaust its remedy of an appeal to the county court before it may appeal to the circuit court. See Ark. Code Ann. § 26-27-318(2)(B). That statute also provides for public notice of the proceeding in the county court and further, that statute provides that “any property owner in the county may appear at the hearing and be heard in support of or in opposition to the appeal.” Thus, an officer of another corporation owning similar equipment could respond to that notice and provide information for consideration of the county judge. . Article seven, section 28 of the Arkansas Constitution and section 26-27-318 clearly 117authorize the county, judge to determine the natqre of the forum for an appeal in a county tax matter. Because the county judge, by our state constitution, has exclusive jurisdiction in ad valorem tax matters, his decision on whether the county court proceeding is a public forum or a judicial forum cannot be reviewed or altered by the circuit court.. The actions taken by the county judge clearly, manifest that this meeting was. not a judicial proceeding. The administrative nature of the forum was clearly manifested by the county judge in a letter he wrote that established the guidelines for the hearing. In that letter he stated that personal attendance was not required and that unsworn statements would be accepted and read at the proceeding. At best, this was an administrative proceeding and could have easily been considered a political forum regarding the assessment of taxes. But in no event could it be a judicial forum where the evidence consisted of unsworn statements made by persons not in attendance and where the court invited the public to speak for or against the tax. Because it is not a judicial proceeding, there is no basis to prevent an employee or an officer of the corporation from participating in the process. ■Under the facts of this case, the appeal to the circuit court for DeSoto Gathering was effected by an attorney at law and followed the .procedures, set forth in Arkansas District Court Rule 9 that govern appeals to the circuit court. Rule 9 states: A party may take an appeal from the final judgment of a county court by filing a notice of appeal with the clerk of the circuit court having jurisdiction over the matter within thirty (30) days from the date that the county court filed its order with the county clerk. A certified copy of the county court’s final judgment must be attached to the notice of appeal. | ^Additionally, the special provisions in Rule 9(c)(4) concerning appeals from county court to circuit court provide in pertinent part: “The Arkansas Rules of Civil Procedure shall govern all the circuit court proceedings on appeal of a district court' judgment as if the case had been filed originally in circuit court.” Thus, once the judgment has been filed the circuit court has jurisdiction to hear a claim of unequal taxation as a new case as if it had been originally filed in the circuit court. It is not a review of the county court proceedings but instead, is a new case. It is not the duty or the right of the circuit, court to look behind the judgment of the county court to determine whether the county judge followed the law in his proceedings. Any attack on the county court’s order by the circuit court is a collateral attack and is outside the circuit court’s mandate to hear a case as if it had been originally filed in the circuit court. In this appeal process, the exclusive jurisdiction of an ad valorem tax matter lies with the county judge and, thus, the issue of nonlawyer representation at the county court level is an issue that, should be first presented to the county court. The failure of the assessor to raise the issue in that proceeding prevents them from bringing that issue before the circuit court. Once .the ease was lodged in the circuit court the assessor sought to prevent a new trial in a judicial setting claiming that the county court erred by allowing a nonlaw-yer to initiate an appeal from the equalization board'to the county court. The county court has the exclusive jurisdiction over ad valorem tax issues by state constitution. The failure of the assessor to bring the issue in that court is a bar preventing them and the circuit court from removing jurisdiction of ad valorem tax matters from the county court. I would reverse. I dissent.